******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

CUMMINGS ENTERPRISE, INC. *v.*
MANUEL MOUTINHO, TRUSTEE
(AC 44437)

Prescott, Moll and Pellegrino, Js.

*Syllabus*

The plaintiff sought to foreclose a mortgage on certain real property owned by the defendant. The trial court granted the defendant's motion to dismiss, concluding that the plaintiff lacked standing to bring a foreclosure action because any mortgage interest the plaintiff had held in the subject property had been foreclosed in an earlier action brought by the defendant, and the plaintiff appealed to this court. After the defendant's attorney, in his brief to this court, refuted certain factual representations made by the plaintiff's attorney in the plaintiff's principal brief, the plaintiff's attorney failed to clarify the matter in the plaintiff's reply brief. During oral argument before this court, when the plaintiff's attorney was questioned about the disputed factual representations, he was unable or unwilling to vouch for the veracity of those statements, did not direct the court's attention to any relevant portion of the record, and did not provide any citation to the record to support those factual assertions. Approximately one month later, the plaintiff's attorney filed a motion with this court for leave to correct the plaintiff's brief. *Held*:

1. The plaintiff could not prevail on its challenge to the trial court's dismissal of its action; because the plaintiff, who was defaulted for failure to appear in the prior foreclosure action brought by the defendant, made no effort to redeem on or before its designated law day, its mortgage interest was extinguished and, after all law days had passed, title to the property vested in the defendant, leaving the property no longer subject to the plaintiff's mortgage.

2. This court denied the motion for leave to correct the plaintiff's brief filed by the plaintiff's attorney as untimely: the plaintiff's attorney waited too long to correct the misrepresentations, and his effort to remedy them in their entirety was lacking; moreover, the plaintiff's attorney was placed on notice that future, similar conduct would result in the imposition of sanctions and/or professional discipline.

Argued January 6—officially released March 8, 2022

*Procedural History*

Action to foreclose a mortgage on certain real property owned by the defendant, and for other relief, brought to the Superior Court in the judicial district of Fairfield, where the court, *Spader, J.*, granted the defendant's motion to dismiss and rendered judgment thereon, from which the plaintiff appealed to this court. *Affirmed*; *motion denied*.

*Kenneth A. Votre*, for the appellant (plaintiff).

*James M. Nugent*, for the appellee (defendant).

*Opinion*

PER CURIAM. The plaintiff, Cummings Enterprise, Inc., appeals from the judgment of the trial court dismissing for lack of standing its foreclosure action brought against the defendant, Manuel Moutinho, Trustee for the Mark IV Construction Co., Inc., 401 (K) Savings Plan. The court granted the defendant's motion to dismiss, concluding that the plaintiff lacked standing to bring a foreclosure action because any mortgage interest that the plaintiff once may have held with respect to the subject property, an undeveloped building lot in Stratford, had been foreclosed in an earlier foreclosure action brought by the defendant. Because the plaintiff, who was defaulted for failure to appear in the prior foreclosure action, made no effort to redeem on or before its designated law day, its mortgage interest was extinguished, and, after all law days had passed, title to the property vested in the defendant, leaving the property no longer subject to the plaintiff's mortgage. On appeal, the plaintiff raises a number of convoluted arguments challenging the court's granting of the motion to dismiss. On the basis of our thorough review of the record, briefs, and applicable law, we conclude that the plaintiff's arguments are devoid of merit. Accordingly, we affirm the judgment of the trial court.

Although further discussion regarding the merits of the plaintiff's appeal is unwarranted, we take this opportunity briefly to address certain factual misrepresentations contained in the plaintiff's brief on appeal. The plaintiff's principal argument before the trial court regarding its standing to pursue the underlying foreclosure action was that the law days that the court set in the defendant's previous foreclosure action purportedly had passed without legal effect due to a bankruptcy stay or extension period that arose as a result of the filing of a bankruptcy petition by 10-5th, LLC, an entity that allegedly had acquired an ownership interest in the subject property. In its appellate brief, the plaintiff made the following factual assertions: "10-5th, LLC, is an entity that was a party to the previous foreclosure action and at one point held title to the subject property," and "[t]he trial court, in the previous foreclosure, was asked to reset the law days after the dismissal of 10-5th, LLC's bankruptcy proceeding." The plaintiff provided no citation to the record to support these factual assertions, although the brief contained citations to the record with respect to other factual statements. See Practice Book § 67-4.[1] In its appellee's brief, the defendant stated that these factual representations by the plaintiff were false and that it is clear from the record that 10-5th, LLC, was never a party to the defendant's foreclosure action and no one ever had asked the trial court to reset the law days after the dismissal of 10-5th, LLC's bankruptcy petition. In its reply brief, the plaintiff's only response to the defendant's assertion that the plaintiff's brief

contained false factual representations was that the parties "differ somewhat in their description of the underlying facts in this case." The plaintiff again referred to 10-5th, LLC, as "one defendant" in the previous foreclosure action, implying once again, without any supporting citation to the record, that 10-5th, LLC, was a party to that action.

During oral argument before this court, the panel asked the attorney for the plaintiff, Kenneth A. Votre, about the disputed factual representations and his failure either to clarify the matter in his reply brief or, if necessary, to make corrections to the brief prior to oral argument. Although he asserted on the one hand that he and/or his staff had verified the veracity of the statements in the brief prior to oral argument, he was unwilling or unable to vouch for the veracity of those statements, could not direct the court's attention to any relevant portion of the record, and claimed that, despite the purported efforts to verify the facts, he might still be mistaken. Nearly a month after oral argument, the plaintiff filed a motion with this court titled a "Request For Leave To Correct Appellant's Brief." In that motion, the plaintiff states that, "[a]t oral argument it, albeit late, became apparent to counsel that 10-5th, LLC, was, in fact, not a party to the prior foreclosure action . . . ." There is no explanation for why this error occurred and why, despite it having been brought to counsel's attention by his opponent, Attorney Votre failed to correct the misrepresentations in his reply brief or at oral argument. Instead, counsel took an additional month to correct his error. The motion also makes no mention of the other factual misstatement in the plaintiff's brief, namely, that, following the dismissal of 10-5th, LLC's bankruptcy action, a request was made to the court in the prior foreclosure action to reset the law days. Nevertheless, this fact is removed from the proposed amended fact section appended to the plaintiff's motion.

Attorneys have an obligation to act fairly and with candor in *all* of their dealings before the court, which includes factual statements made in open court or in pleadings and other written submissions. See, e.g., *Daniels* v. *Alander*, 75 Conn. App. 864, 879, 818 A.2d 106 (2003), aff'd, 268 Conn. 320, 844 A.2d 182 (2004). That obligation is codified in rule 3.3 (a) of the Rules of Professional Conduct, titled "Candor toward the Tribunal," which provides in relevant part: "A lawyer shall not knowingly . . . (1) [m]ake a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer . . . ." Although, as stated in the commentary to the rule, "a lawyer in an adversarial proceeding is not required to present an impartial exposition of the law or to vouch for the evidence submitted in a cause, *the lawyer must not allow the tribunal to be misled by false statements of law or fact or evidence*

*that the lawyer knows to be false.*" (Emphasis added.) Here, the plaintiff's attorney was provided with a number of opportunities in which he could have verified the veracity of the factual representations he made to this court and, if necessary, corrected any misstatements that were made. In our view, counsel for the plaintiff waited far too long to correct the misrepresentations, and his effort to remedy them in their entirety is lacking. Accordingly, because we view his request for leave to correct the appellant's brief as untimely, we deny it. Counsel for the plaintiff is placed on notice that future, similar conduct will result in the imposition of sanctions and/or professional discipline.

The judgment is affirmed.

[1] Practice Book § 67-4, which governs the content and organization of the appellant's brief, provides in relevant part: "The appellant's brief shall contain the following . . . (d) A statement of the nature of the proceedings and of the facts of the case bearing on the issues raised. The statement of facts shall be in narrative form, *shall be supported by appropriate references to the page or pages of the transcript or to the document upon which the party relies* and shall not be unnecessarily detailed or voluminous. . . ." (Emphasis added.)