******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

EARL W. SWAIN *v.* TINA N. SWAIN
(AC 44591)

Elgo, Alexander and Harper Js.

*Syllabus*

The plaintiff, whose marriage to the defendant previously had been dis-
solved, appealed to this court from the judgment of the trial court
granting in part the defendant's motion to modify the existing child
support, custody, visitation and parental access orders with regard to
the parties' four minor children. Pursuant to those orders, the plaintiff
had sole legal custody and primary physical residence of the children,
with a specific visiting and access schedule for the defendant and pay-
ment of child support from the defendant to the plaintiff. The defendant's
motion requested, inter alia, sole custody of the children and a suspen-
sion of the support order. After a hearing, the court granted the defen-
dant's motion to modify as to access and visitation, issued a revised
parenting schedule and reduced her weekly support obligation. On the
plaintiff's appeal to this court, *held* that the plaintiff could not prevail
on his claim that the trial court improperly modified the orders as
to visitation, the parental access plan and child support because the
defendant's motion sought to modify only custody: the plain language
of the defendant's motion placed before the court the issues of custody,
visitation and the parental access schedule, the defendant testified at
the hearing that she had difficulties complying with the orders as to
child support and the parental access schedule and proposed a new
visitation and access schedule, and the plaintiff declined to present
rebuttal witnesses to the defendant's testimony; moreover, none of the
requests by the plaintiff's counsel for clarifications of the court's oral
ruling concerned the scope of the ruling compared to the motion to mod-
ify.

Argued February 1—officially released June 21, 2022

*Procedural History*

Action for the dissolution of a marriage, and for other
relief, brought to the Superior Court in the judicial dis-
trict of Middlesex and tried to the court, *Shluger, J.*;
judgment dissolving the marriage and granting certain
other relief; thereafter, the court, *Diana, J.*, granted in
part the defendant's motion to modify child support,
custody and visitation, and the plaintiff appealed to this
court. *Affirmed.*

*Gregory A. Allen*, with whom were *Lauren E. Higgs*,
and, on the brief, *Alissa M. Korwek*, for the appellant
(plaintiff).

*Opinion*

ELGO, J. The plaintiff, Earl W. Swain, appeals from the judgment of the trial court granting in part a postjudgment motion to modify filed by the self-represented defendant, Tina N. Swain.[1] On appeal, the plaintiff claims that the court improperly modified the existing orders as to visitation, the parental access plan, and child support because the defendant's motion to modify sought only to modify custody.[2] We disagree and, accordingly, affirm the judgment of the court.

The following facts and procedural history are relevant to our resolution of this appeal.[3] On December 15, 2015, the court, after a contested trial, rendered judgment dissolving the parties' marriage by way of memorandum of decision. The court originally awarded the parties' joint legal custody of their four minor children, who were born in 2007, 2010, 2012, and 2013, with final decision-making authority and primary residence awarded to the plaintiff. The court ordered that the defendant, who was then residing in Maine, shall have visitation with the children on certain prescribed dates and shall pay the plaintiff $164 per week in child support. The court further ordered that the parties shall have telephone access with the children when not physically with them.

Following the dissolution of their marriage, the parties engaged in seven years of contentious postdissolution proceedings. On February 22, 2018, the court, after another contested hearing, awarded the plaintiff sole legal custody and primary residence of the parties' four children. As for visitation and access, the court ordered that the defendant, who was still residing in Maine, shall have visitation with the children at specific times on certain holidays and periods during the summer. The court ordered that the defendant shall be responsible for all transportation related to her access, and that the exchanges shall occur at the plaintiff's residence in Connecticut. As for child support, the court ordered that the defendant shall pay the plaintiff $70 per week, suspended during the defendant's access periods.

On November 25, 2019, the court issued a postjudgment order, pursuant to the parties' agreement, modifying the visitation and access schedule. Particularly, the court ordered that the defendant, who had moved to Virginia, shall have visitation with the children in Connecticut for the weekends of Columbus Day, Martin Luther King, Jr., Day, Presidents Day, Easter, and Thanksgiving; Christmas between December 26 and January 1; and the weeklong April vacation. The new parental access plan also afforded the defendant visitation with the children in Virginia for summer vacation during the month of July.

On December 14, 2020, the defendant filed a motion to modify the existing child support, custody, visitation,

and parental access orders.[4] In that motion, the defendant asserted that there was a substantial change in circumstances because the plaintiff and his mother "are incapacitated [with] COVID-19, put the children's lives in danger, [and] violated [Connecticut] rules." As for child support, the defendant sought that the court "suspend [the] current support order." As for custody, the defendant requested that the court award "sole custody to [the] defendant mother." As for visitation and the parental access schedule, the defendant requested that the court order "no visitation for [the] plaintiff father at this time due to contagious COVID-19 infection until proof of negative test results" and that "after negative test results [the] plaintiff to have same visitation schedule that the defendant had."

On January 15, 2021, the court held a remote hearing as to five pending motions, including the defendant's motion to modify.[5] The plaintiff presented the testimony of Old Saybrook Police Officer Charles Kostek, the defendant, and Attorney Justine Rakich-Kelly, who was the appointed guardian ad litem for the children, and he also testified. The defendant then presented her case by way of narrative testimony, with certain questions from the court as to the issues raised by each of the five motions at issue. The defendant relevantly testified regarding her difficulty complying with the existing orders as to child support and the parental access schedule and her proposal for a new visitation and access schedule. After the defendant rested her case, the plaintiff declined the court's invitation to present any rebuttal witnesses.

At the conclusion of that hearing, the court issued an oral ruling granting in part the defendant's December 14, 2020 motion to modify the existing child support, custody, and visitation orders. The court granted the motion to modify as to access and visitation, holding that it "find[s] the testimony of the defendant credible. The parties have four children. The court is going to grant the motion to modify with regard to [the defendant's] access. I believe it's in the best interest of these children, and I want to dial back the temperature on all this." The court issued a revised parental access schedule providing that the defendant shall have visitation with the children "for [the time between] the first five days after the children end school and the five days before they start school," Christmas vacation, Thanksgiving, and spring vacation. The court ordered that transportation for visitation was to be completed on the basis of an agreement of the parties, but, "[i]f there's no agreement on that, then one person drives down and one person drives back." The court also ordered telephone access to be "Monday evening between 6:30 and 8:30, one call [on] Skype a week." The court then denied the defendant's motion to modify as to custody, holding that there was no material change in circumstances to justify her request for sole legal custody. The

court's oral decision did not specifically address the defendant's motion to modify as to child support. After the court issued its oral ruling, the plaintiff's counsel confirmed that the court did not "miss a motion," and asked for several clarifications, none of which contested the scope of the court's ruling compared to the relief sought by the defendant's motion to modify.

On the same day as the January 15, 2021 hearing, the court issued a written order further granting the defendant's motion to modify as to visitation and child support.[6] The court ordered that "the defendant do all the transportation for visitation and thereby reducing her weekly child support obligation by $50 per week. [The] [d]efendant's child support payments to the plaintiff are suspended for any weeks that she has visitation with the children for 5 days or more."[7] The plaintiff filed a motion to reargue the court's decision, which the court denied. This appeal followed.

On appeal, the plaintiff claims that the court improperly modified the existing orders as to visitation, the parental access plan, and child support because the defendant's motion to modify sought only to modify custody.[8] In support, the plaintiff argues that, "by the court taking the action it did, the plaintiff was deprived of an opportunity to argue and present evidence as to the details of why the [then existing orders] should not be changed . . . ."[9] We disagree.

We begin with the standard of review and relevant legal principles. Because the plaintiff's claim requires us to interpret both the court's orders as well as the defendant's motion to modify, our review is plenary. See *Meyers* v. *Livingston, Adler, Pulda, Meiklejohn & Kelly, P.C.*, 311 Conn. 282, 290, 87 A.3d 534 (2014) (plenary review applies to interpretation of pleadings); *Sosin* v. *Sosin*, 300 Conn. 205, 217, 14 A.3d 307 (2011) (plenary review applies to interpretation of trial court's judgment).

In general, a court's decision is restricted to those issues raised by the parties in their pleadings and in argument. "[P]leadings have their place in our system of jurisprudence. While they are not held to the strict and artificial standard that once prevailed, we still cling to the belief, even in these iconoclastic days, that no orderly administration of justice is possible without them. . . . It is fundamental in our law that the right of a [party] to recover is limited to the allegations in his [pleading]. . . . Facts found but not averred cannot be made the basis for a recovery. . . . Thus, it is clear that [t]he court is not permitted to decide issues outside of those raised in the pleadings. . . . It is equally clear, however, that the court must decide those issues raised in the pleadings. . . . This rationale extends equally to motions." (Citation omitted; internal quotation marks omitted.) *Wheeler* v. *Beachcroft, LLC*, 210 Conn. App. 725, 753, 271 A.3d 141 (2022); see also *Doe* v. *Cochran*,

332 Conn. 325, 333, 210 A.3d 469 (2019) (stating that pleadings should be read broadly and realistically, not narrowly and technically); *Morneau* v. *State*, 150 Conn. App. 237, 239 n.2, 90 A.3d 1003 (outlining established Connecticut policy of leniency toward self-represented parties), cert. denied, 312 Conn. 926, 95 A.3d 522 (2014).

These pleading requirements in postdissolution matters "historically have been much less circumscribed than in other types of actions." *Petrov* v. *Gueorguieva*, 167 Conn. App. 505, 514, 146 A.3d 26 (2016). "[A]lthough a court cannot determine a fact or issue beyond the reasonable cognizance of the parties . . . our rules of pleading are generally less restrictive as to what the court can decide in these matters" because most post-dissolution proceedings "are ultimately governed by the child's best interests." (Citation omitted.) Id., 519. Therefore, "[i]n the context of a postjudgment appeal, if a review of the record demonstrates that an unpleaded [issue] actually was litigated at trial without objection such that the opposing party cannot claim surprise or prejudice, the judgment will not be disturbed on the basis of a pleading irregularity. . . . In making this determination, our courts look not only to what occurred during the hearing itself . . . but also to whether actions occurring prior to the hearing placed the party on notice as to the unpleaded issues or facts." (Citations omitted; internal quotation marks omitted.) Id., 517.

In the present case, it is clear from the defendant's motion to modify that she cumulatively sought to modify the existing child support, custody, visitation, and parental access orders. Consequently, the plain language of the defendant's motion to modify, which she filed as a self-represented party, placed before the court the issues of custody, visitation, and the parental access schedule. Additionally, the transcript of the January 15, 2021 hearing undercuts the plaintiff's argument that he was surprised that these issues were decided by the court and that he was unable to present contrary evidence. The defendant testified regarding her difficulties complying with the existing orders as to child support and the parental access schedule and her proposal for a new visitation and access schedule.[10] After the defendant's testimony regarding custody, child support, and the visitation schedule, the plaintiff's counsel declined to present any rebuttal witnesses and confirmed that the court did not "miss a motion." The plaintiff's counsel then asked for several clarifications of the court's oral ruling, none of which concerned the scope of the court's ruling compared to the defendant's motion to modify. On the basis of both the language of the defendant's motion as well as the parties' representations at the January 15, 2021 hearing, we summarily reject the plaintiff's claim on appeal.[11]

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The defendant, now known as Tina Perez-Ocasio, has not participated in this appeal. Accordingly, we decide this appeal on the basis of the record, the plaintiff's appellate brief, and the plaintiff's oral argument.

[2] The plaintiff organizes his appeal into two different claims challenging the court's orders on (1) visitation and parental access, and (2) child support. To avoid substantive overlap, we consider the plaintiff's claims together. See *Rozbicki* v. *Gisselbrecht*, 152 Conn. App. 840, 845, 100 A.3d 909 (2014) (reorganizing claims on appeal), cert. denied, 315 Conn. 922, 108 A.3d 1123 (2015).

[3] At the outset, we note that the appendix to the plaintiff's appellate brief is incomplete, as it selectively excerpts portions of the record referenced in his appellate brief, contains only photographs of certain filings, and does not include a full copy of the defendant's December 14, 2020 motion for modification that is the subject of this appeal. See Practice Book (2021) § 67-8 (b) (1) (directing that appellant's appendix shall contain "in chronological order, all relevant pleadings, including the operative complaint and any other complaint at issue, motions, requests, findings, and opinions or decisions of the trial court or other decision-making body"). At oral argument before this court, the plaintiff's counsel indicated that the selective incorporation of filings in his appendix was due to the manner in which he received the filings from the defendant. The plaintiff's incomplete appendix unnecessarily complicates our review, and we do not condone the plaintiff's noncompliance. This deficiency, however, does not preclude our review of the plaintiff's claim on appeal because we are able to examine the physical trial court file for the many filings not contained within his appendix. See Practice Book § 60-2 (2) (this court may "consider any matter in the record of the proceedings below necessary for the review of the issues presented by any appeal, regardless of whether the matter has been included in any party appendix"); see also *State* v. *Lawler*, 30 Conn. App. 827, 828 n.2, 622 A.2d 1040 (1993) (excusing appellant's failure to include pertinent material in his appendix).

[4] The plaintiff on appeal construes the defendant's motion to modify as seeking only to obtain sole legal custody of the children, and his appendix contains a photograph of only the first page of this motion. That characterization is unsupported by the content of the defendant's motion to modify.

[5] The other four motions heard by the court at the January 15, 2021 hearing were the plaintiff's August 12, 2020 motion for contempt, the plaintiff's August 14, 2020 motion for contempt, the plaintiff's October 2, 2020 motion for modification of visitation, and the plaintiff's October 16, 2020 motion for modification of visitation. Although the plaintiff's appellate brief states that the court denied all of his motions, a review of the transcript clearly establishes that the court granted his October 2, 2020 motion to modify visitation in order to ensure the parties' compliance with COVID-19 safety protocols.

[6] The plaintiff's appellate brief asserts that this written order was not issued until April 8, 2021. It is true that the court later issued a JDNO notice of this January 15, 2021 written order on April 8, 2021. Although the plaintiff may not have been aware of this January 15, 2021 written order until he received the April 8, 2021 JDNO notice, it is apparent from the JDNO notice itself as well as the trial court file that this written order was issued by the court on the same date as its oral ruling at the January 15, 2021 hearing.

[7] There is some uncertainty within the plaintiff's appellate brief as to the amount of the defendant's child support obligation. At the January 15, 2021 hearing, the plaintiff's counsel questioned the defendant regarding her child support obligations imposed by Magistrate Gilman in the amount of $209 per week, to commence on November 19, 2020. Conversely, in his appellate brief, the plaintiff does not identify which order was operative, and instead represents that the court "reduced the defendant's child support obligation from $164 to $50 per week . . . ." This statement implies that the original child support order of $164 from the court's December 15, 2015 judgment of dissolution—not the subsequent November 19, 2020 order by Magistrate Gilman or the February 22, 2018 modification—was operative at the time of the January 15, 2021 hearing. Regardless, the plaintiff misreads the court's January 15, 2021 written order because that order *reduces* the defendant's child support obligation "by $50 per week," not orders the defendant to *pay* $50 per week.

[8] The plaintiff on appeal does not challenge the substantive merits of the court's decision on any other ground, including that the court's decision was not supported by evidence, the court failed to consider the pertinent

statutory factors, the court's decision contained clearly erroneous factual findings, the court's decision was beyond the specific grounds for modification alleged in the parties' motions, or it otherwise was improper. Instead, the plaintiff's narrow appeal is limited to the scope of the court's January 15, 2021 orders as compared to the existing orders that the defendant' motion to modify sought to change.

[9] The plaintiff in passim makes a technical argument that the court improperly modified the existing orders as to visitation and the parental access plan because "both parties could not meet their burden in establishing that a modification was in the best interest of the children because, according to the factual finding of the trial court, no substantial change in circumstances existed at the time of trial." This argument conflates the differing standards required to modify visitation, child support, and custody. See, e.g., *Balaska* v. *Balaska*, 130 Conn. App. 510, 515, 25 A.3d 680 (2011) ("[i]n ruling on a motion to modify visitation, the court is not required to find as a threshold matter that a change in circumstances has occurred"). Accordingly, the court's determination that there was no substantial change in circumstances sufficient to modify custody does not necessarily mean that the modification of visitation and access is not supported by the best interests of the children.

At oral argument before this court, the plaintiff's counsel repeatedly represented that the cases cited in his brief stand for the proposition that a court must make the determination that a substantial change in circumstances has occurred to modify an existing visitation order. A review of these cases does not support the representations made by the plaintiff's counsel. See *Dufresne* v. *Dufresne*, 191 Conn. App. 532, 538–39, 215 A.3d 1259 (2019) (outlining standard used by underlying trial court decision, which provided that modification of custody requires determination that substantial change in circumstances existed); *Petrov* v. *Gueorguieva*, 167 Conn. App. 505, 522 n.16, 146 A.3d 26 (2016) (holding that "there is an important distinction to be drawn between motions to modify custody, which generally require a material change in circumstances . . . and motions to modify visitation alone, which *do not require a material change*" (citation omitted; emphasis added)); *Kelly* v. *Kelly*, 54 Conn. App. 50, 55–57, 732 A.2d 808 (1999) (holding that "material change in circumstances" is required to modify custody and that modification of visitation is guided by best interest of child standard); *Emerick* v. *Emerick*, 28 Conn. App. 794, 802, 613 A.2d 1351 (holding that "substantial change in circumstances" is required to modify child support order, which " 'is wholly independent of the right of visitation' " (internal quotation marks omitted)), cert. denied, 224 Conn. 915, 617 A.2d 171 (1992).

[10] At oral argument before this court, the plaintiff's counsel stated that he was deprived of an opportunity to present evidence as to all of these topics because neither party nor the court questioned Attorney Rakich-Kelly as to the parties' visitation and access rights. The transcript of the January 15, 2021 hearing, however, reveals that Attorney Rakich-Kelly specifically was questioned by both parties and the court as to the adequacy of the defendant's visitation and access.

[11] On the basis of the manner in which the plaintiff's counsel presents this appeal to this court—particularly the misleading statements in his appellate brief and at oral argument before this court; see footnotes 4, 5, 6, 7, 8, and 10 of this opinion; selective excerption of filings within his appendix including the motion that is the subject of this appeal; see footnote 3 of this opinion; and the conflating legal arguments; see footnotes 8 and 9 of this opinion—we are compelled to reiterate the admonition that "[a]ttorneys have an obligation to act fairly and with candor in *all* of their dealings before the court, which includes factual statements made in open court or in pleadings and other written submissions." (Emphasis in original.) *Cummings Enterprise, Inc.* v. *Moutinho*, 211 Conn. App. 130, 134, 271 A.3d 1040 (2022); see also *Hartmann* v. *Prudential Ins. Co. of America*, 9 F.3d 1207, 1214 (7th Cir. 1993) ("we cannot have a rule that . . . an appellant can serve us up a muddle in the hope that we or our law clerks will find somewhere in it a reversible error"). Although it is unfortunate that the defendant, as a self-represented litigant, did not file a brief or appearance in this appeal, that does not obviate, but rather underscores, the duty of candor that the plaintiff's counsel owes to the court.

_____