******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

DXR FINANCE PARENT, LLC *v.*
THERAPLANT, LLC
(AC 46769)

Bright, C. J., and Cradle and Suarez, Js.

*Syllabus*

The plaintiff sought to foreclose a mortgage on certain real property of the defendant, T Co. The plaintiff alleged that certain lenders entered into a credit agreement with G Co. as the borrower, T Co. and N Co. as guarantors, and the plaintiff acting as the lenders' agent. The credit agreement provided that the lenders would make certain financial accommodations to G Co. T Co., as a guarantor, was liable for all payment obligations if G Co. defaulted, and, subsequently, T Co. entered into a mortgage deed with respect to the subject property to secure its obligations under the credit agreement and guaranty. Following several events of default, the plaintiff commenced this action. The trial court granted the parties' motion for entry of a stipulated judgment of strict foreclosure and rendered judgment thereon. T Co. waived its rights to appeal and to an appraisal, and the parties stipulated to a fair market value of the property based on records of the municipal tax assessor. On the law day assigned by the court, S Co., a nonparty, filed a postjudgment motion to intervene as a party defendant, asserting that it was the plaintiff in a separate action against G Co., which owned T Co., and that it had filed an application for a prejudgment remedy seeking to attach T Co.'s assets, including the subject property. S Co. claimed that the property was substantially undervalued in the foreclosure judgment because the valuation was not based on an appraisal and that its ability to collect a judgment against G Co. would be impaired in the absence of its involvement in the foreclosure action. The trial court denied the motion to intervene after the law day had passed, and S Co. appealed to this court. The plaintiff thereafter filed a motion to dismiss the appeal as moot. *Held* that, because the appeal was moot, this court lacked subject matter jurisdiction and, accordingly, the appeal was dismissed: there was no appellate stay affecting the running of the law days because S Co., as a nonparty, could not file an appeal from the judgment of strict foreclosure, and, although S Co. filed a motion to intervene, it did not also file a motion that, if granted, would have rendered the judgment ineffective, such that a new appeal period from the judgment would have been created, and, therefore, the denial of S Co.'s motion to intervene, in the absence of the granting of a discretionary stay, which S Co. did not request, did not stay this foreclosure action; moreover, no practical relief could be granted to S Co. because title had already vested in the plaintiff by the time the trial court denied S Co.'s postjudgment motion to intervene, the right of redemption by T Co. had been extinguished, and the rare exception in which fact-specific relief could be granted to a would-be intervenor did not exist here, as the granting of the motion to intervene would have necessitated opening the foreclosure judgment, which would have required further proceedings by the trial court; furthermore, there was no colorable claim implicating this court's equitable authority to open the foreclosure judgment as established in *U.S. Bank National Assn.* v. *Rothermel* (339 Conn. 366), as S Co. did not file a motion to open the judgment along with its motion to intervene, and, even if it had, S Co. did not raise any colorable claims of the type that would have caused this court to determine that equity required opening the judgment after title had vested in C Co., and, notwithstanding S Co.'s argument that T Co.'s waiver of an appraisal and the parties' stipulated property value based on the tax assessor's records were improper and unlawful, the valuation was part of the stipulation, was based on a municipal tax assessor's valuation, and was accepted by the trial court in its order rendering the judgment of strict foreclosure, and, thus, T Co.'s waiver of an appraisal, without additional factual allegations to establish the rare and exceptional circumstances of fraud, accident, mistake or surprise, did not convert S Co.'s disagreement with the stipulated valuation of the property into a claim sufficient to invoke

this court's continuing equitable authority, particularly given that S Co. had no direct interest in the property that could be foreclosed in the underlying action.

Considered October 11, 2023—officially released January 23, 2024

*Procedural History*

Action to foreclose a mortgage on certain real property, and for other relief, brought to the Superior Court in the judicial district of Waterbury, where the court, *Spader, J.*, rendered a judgment of strict foreclosure in accordance with the parties' stipulation; thereafter, the court denied the motion to intervene filed by Shareholder Representative Services, LLC, and Shareholder Representative Services, LLC, appealed to this court; subsequently, the plaintiff filed a motion to dismiss the appeal. *Motion to dismiss granted and appeal dismissed.*

*Jonathan A. Kaplan, James T. Shearin*, and *Dana M. Hrelic*, in support of the motion.

*Jeffrey J. Mirman*, in opposition to the motion.

*Opinion*

CRADLE, J. In this foreclosure action, Shareholder Representative Services, LLC (SRS), a nonparty, appeals from the denial of its motion to intervene that was filed after the judgment of strict foreclosure was rendered but before the law days passed. Because an automatic appellate stay did not apply, title to the subject property has vested in the plaintiff, and there is no basis for this court to invoke its continuing equitable authority to afford practical relief to the proposed intervenor. We therefore grant the plaintiff's motion to dismiss this appeal as moot.

The following facts and procedural history are relevant to our review. On April 6, 2023, the plaintiff, DXR Finance Parent, LLC, filed a one count complaint for strict foreclosure of a guaranty mortgage to which it had been assigned the rights. The defendant, Theraplant, LLC (Theraplant), is the owner of the subject mortgaged property located at 856 Echo Lake Road in Watertown (property). A cannabis facility occupies the property that includes buildings, equipment, and inventory used to grow, manufacture, and package cannabis products. SRS, the proposed intervenor, alleges that the property hosts "one of the largest growers of cannabis in Connecticut," and that "the Department of Consumer Protection . . . relied upon [Theraplant] in approving the [recreational cannabis] program . . . ."

The complaint alleges that, on November 26, 2021, a group of lenders entered into a credit agreement, that was subsequently amended, with The Greenrose Holding Company, Inc. (Greenrose), as the borrower and Theraplant and GNRS CT

Merger Sub, LLC (GNRS) as guarantors. In this transaction, the plaintiff acted as the lenders' agent. Greenrose, which is a nonparty to this action, wholly owns Theraplant. Also of relevance and discussed subsequently in this opinion, SRS brought a separate action against Greenrose for breach of the merger agreement through which Greenrose purchased Theraplant.

The underlying credit agreement provides that the lenders would make certain financial accommodations available to Greenrose, up to $105,000,000, pursuant to its terms and conditions, and included a maturity date and acceleration provision. Theraplant, as a guarantor, was liable for all payment obligations if Greenrose failed to pay. On or about January 21, 2022, Theraplant, to secure its obligations under the credit agreement and guaranty, granted and executed a mortgage deed, an assignment of rents, a security agreement and a fixture filing with respect to the property in favor of DXR Finance, LLC, as agent for the lenders (mortgage).

Following several events of default without cure, the plaintiff accelerated the obligations under the credit agreement and declared all principal, interest, and fees

to be immediately due and payable. On March 22, 2023, the plaintiff made a demand on Theraplant pursuant to the guaranty agreement.

On April 6, 2023, after the lenders assigned their rights to the plaintiff under the credit agreement, the plaintiff filed a complaint against Theraplant seeking a judgment of strict foreclosure, possession of the property, and damages. Also on April 6, 2023, the plaintiff filed in the trial court a notice of lis pendens that it had recorded on the Watertown land records.

On July 24, 2023, the plaintiff and Theraplant jointly filed a motion for entry of a stipulated judgment of strict foreclosure. The stipulation provided that the trial court may render a judgment of strict foreclosure of the guaranty mortgage in favor of the plaintiff and that Theraplant waived its right to appeal. Theraplant also waived an appraisal, as the parties stipulated to a fair market value of the property of "$4,107,400.00 pursuant to the Watertown Tax Assessor's Records," and that the "debt owed . . . as secured by the mortgage, is $155,390,197.17 . . . ." The parties requested a law day of July 31, 2023, and expressly agreed that the law day may run "within the [twenty] day appeal period."

On July 26, 2023, the trial court, *Spader*, *J.*, rendered a judgment of strict foreclosure in accordance with the parties' stipulation. Its order set the law day for "July 31, 2023, for the owner of the equity of redemption, and subsequent days for subsequent encumbrances in the inverse order of their priorities."

On the July 31, 2023 law day, SRS filed a postjudgment motion to intervene as a party defendant under General Statutes §§ 52-102[1] and 52-107,[2] and Practice Book § 9-18.[3] SRS asserted that it is the plaintiff in a related action, *Shareholder Representative Services, LLC* v. *The Greenrose Holding Co.*, Superior Court, judicial district of Waterbury, Docket No. CV-22-6073236-S (SRS action), in which it is acting "in its capacity as the representative of the selling security holders of Theraplant . . . . " SRS alleged that its action arose from a merger agreement between Greenrose and SRS, in which "Greenrose purchased 100 [percent] of Theraplant." SRS also asserted that, on August 4, 2022, it filed an application for a prejudgment remedy in the SRS action seeking to attach Theraplant's assets, including the subject property. SRS further argued that the property was substantially undervalued in the foreclosure judgment because that valuation was not based on an appraisal, and that SRS's ability to collect a judgment against Greenrose would be impaired significantly in the absence of its involvement in this action.

The plaintiff filed an opposition to the motion to intervene, emphasizing that SRS "is an out of the money creditor of nonparty [Greenrose]," which "does not have any claim against [Theraplant]." The plaintiff

argued that (1) SRS's motion was untimely filed post-judgment, (2) SRS possessed no legal or equitable right to the property that was at risk of diminution, (3) SRS is—at most—a potential judgment creditor of Greenrose, and not of Theraplant, and (4) the proposed intervention would not affect the disposition of the judgment of strict foreclosure.

On August 1, 2023, the trial court, *Spader, J.*, denied SRS's postjudgment motion to intervene. It concluded that SRS did not "allege sufficient facts . . . to make the requisite showing of its right to intervene."[4] (Internal quotation marks omitted.) On August 7, 2023, SRS filed this appeal. The plaintiff filed a motion to dismiss the appeal as moot and SRS timely filed an opposition.

This matter presents us with a novel question, namely, whether relief may be granted in an appeal of the denial of a postjudgment motion to intervene in a strict foreclosure action where title has already vested. For the following reasons, we conclude that the appeal must be dismissed as moot because no appellate stay applied to the running of the law day, no practical relief can be granted to the proposed intervenor, and there is no colorable claim implicating this court's equitable authority.

I

We first consider whether an appellate stay affected the running of the law day. SRS, as a nonparty, could not file an appeal from the judgment of strict foreclosure rendered on July 26, 2023. Although SRS filed a motion to intervene, it also did not file a motion "that, if granted, would render the judgment . . . ineffective," such that a new appeal period from the judgment would be created. See Practice Book § 63-1 (c) (1).

There is no automatic appellate stay of *trial proceedings* that goes into effect upon the denial of a motion to intervene. See, e.g., *Episcopal Church in the Diocese of Connecticut* v. *Gauss*, 302 Conn. 386, 394, 28 A.3d 288 (2011) (defendants claimed appeal by proposed intervenors stayed further proceedings in trial court; trial court denied defendants' motion for stay; and this court dismissed defendants' motion for review). A motion to intervene typically is filed prior to the trial court rendering judgment on the dispute between the existing parties. If the trial court has determined that the proposed intervenor does not have a sufficient interest in the litigation to be made a party, the parties should be able to proceed with the litigation unless, in the trial court's discretion, the matter is stayed while the proposed intervenor appeals. See, e.g., *Austin-Casares* v. *Safeco Ins. Co. of America*, 310 Conn. 640, 647, 81 A.3d 200 (2013) (noting that trial court granted discretionary stay of trial proceedings pending proposed intervenor's appeal from trial court's denial of its motion to intervene). Consequently, the denial of

SRS's motion to intervene, in the absence of the granting of a discretionary stay, which SRS did not request, did not stay the present foreclosure case.

An appellate stay typically applies to proceedings that "enforce or carry out the judgment . . . ." Practice Book § 61-11 (a). Law days "carry out" the judgment of strict foreclosure. *RAL Management, Inc.* v. *Valley View Associates*, 278 Conn. 672, 683–84, 899 A.2d 586 (2006); see also id. ("the law days are ineffective pending the stay because to treat them otherwise would carry out the judgment in violation of the stay"). Where "there was no appellate stay in effect when the law days began to run . . . absolute title to the property transferred to the plaintiff as a matter of law after all law days expired." (Internal quotation marks omitted.) *U.S. Bank, National Assn.* v. *Mamudi*, 197 Conn. App. 31, 50, 231 A.3d 297, cert. denied, 335 Conn. 921, 231 A.3d 1169 (2020).

In the present case, the trial court denied SRS's postjudgment motion to intervene, and SRS did not move the court for a discretionary stay of the law days pending its appeal. We conclude that, where a proposed intervention was denied postjudgment but before the running of the law days, an appellate stay of the judgment does not automatically arise. There also was no action taken by the parties that would reset or stay the running of the law days. Accordingly, the running of the law day on July 31, 2023, carried out the judgment of strict foreclosure.

II

We next address the question of mootness, which is the basis for the plaintiff's motion to dismiss. This case presents, for the first time, an opportunity for this court to consider whether any practical relief may be granted from a postjudgment denial of a motion to intervene in a strict foreclosure action where title has already vested. We conclude that such an appeal is moot and must be dismissed for lack of subject matter jurisdiction.

In its motion to dismiss, the plaintiff argues that this court cannot afford SRS any practical relief in this appeal. SRS is separately litigating its claims against Greenrose, which is not a party to this action. Theraplant's equity of redemption in the subject property was extinguished by the running of the law day, and it is not within the power of appellate courts to disturb the absolute title of the redeeming encumbrancer. Accordingly, the plaintiff maintains that considering this appeal on the merits "would amount to a purely academic discussion of the propriety of the trial court's responses to the parties' postjudgment motions . . . ." (Internal quotation marks omitted.)

In response, SRS relies heavily on the proposition that, "[b]ecause foreclosure is peculiarly an equitable

action . . . the court may entertain such questions as are necessary to be determined in order that complete justice may be done." (Internal quotation marks omitted.) As such, SRS argues that "Connecticut courts have continuing jurisdiction in foreclosure cases after the passage of the law days . . . ." SRS further submits that our Supreme Court has "previously . . . concluded that opening a judgment after title has vested in a strict foreclosure case is permissible if equity so requires." (Internal quotation marks omitted.) SRS also contends that this court should similarly exercise its equitable jurisdiction to conclude that this appeal is not moot because SRS has challenged the trial court's valuation of the property as having been "improperly, and unlawfully, determined . . . ." (Footnote omitted.) SRS underscores that, although its motion to intervene was filed postjudgment and concurrent with the law day, this appeal was filed within twenty days from the trial court's denial of its motion to intervene. See Practice Book § 63-1 (a). Additionally, SRS maintains that it "should not be penalized because the trial court set the law days within the twenty day" appeal period by the agreement of the parties. We are not persuaded.

"Mootness is a threshold issue that implicates subject matter jurisdiction, which imposes a duty on the court to dismiss a case if the court can no longer grant practical relief to the parties. . . . [T]he existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow." (Internal quotation marks omitted.) *U.S. Bank, National Assn.* v. *Mamudi*, supra, 197 Conn. App. 39. "Our review of the question of mootness is plenary." Id.

We have routinely dismissed appeals by defendants in foreclosure actions as being moot once title to the property had vested in the plaintiff. The dispositive question in those contexts "is whether the law days have run so as to extinguish the defendant's equity of redemption and vest title absolutely in the plaintiff." (Internal quotation marks omitted.) *Ocwen Federal Bank, FSB* v. *Charles*, 95 Conn. App. 315, 324, 898 A.2d 197, cert. denied, 279 Conn. 909, 902 A.2d 1069 (2006). If the law days have run, "no practical relief [could] follow from a determination of the merits of [the] case . . . ." (Internal quotation marks omitted.) Id. Accordingly, with limited exceptions discussed in part III of this opinion, "it is not within the power of appellate courts to resuscitate the mortgagor's right of redemption or otherwise to disturb the absolute title of the redeeming encumbrancer." (Internal quotation marks omitted.) Id. "Simply put, once title has vested absolutely in the mortgagee, the mortgagor's interest in the property is extinguished and cannot be revived by a reviewing court." Id.; see also *Connecticut National*

*Mortgage Co.* v. *Knudsen*, 323 Conn. 684, 687 n.5, 150 A.3d 675 (2016) ("an appeal from a judgment of strict foreclosure is moot when the law days pass, the rights of redemption are cut off, and title becomes unconditional in the plaintiff" (internal quotation marks omitted)).

"[I]f a favorable decision necessarily could not afford the practical relief sought, the case is moot." *State* v. *Jerzy G.*, 326 Conn. 206, 221, 162 A.3d 692 (2017). As it applies to the denial of a motion to intervene, this court has observed that "[m]ost postjudgment appeals filed by would-be intervenors will be moot because the relief sought, i.e., intervention into the underlying action, cannot be granted once the action has gone to judgment." *Wallingford Center Associates* v. *Board of Tax Review*, 68 Conn. App. 803, 806 n.3, 793 A.2d 260 (2002); see also, e.g., *Jones* v. *Ricker*, 172 Conn. 572, 576–77, 375 A.2d 1034 (1977) (appeal from denial of motion to intervene dismissed as moot where underlying matter had gone to judgment and "the only relief sought by the plaintiffs in [that] action [had] been granted and executed").

However, there are narrow exceptions possible where fact specific relief may exist in a postjudgment motion to intervene. Unlike "[m]ost post judgment appeals filed by would-be intervenors"; *Wallingford Center Associates* v. *Board of Tax Review*, supra, 68 Conn. App. 806 n.3; a "rare" exception; id., 804 n.1; can exist if relief could be granted, for example, by directing the trial court to amend the judgment. Id., 804–805.[5] In addition to practical relief being available, the relief must also be capable of being "given by this court without further trial court proceedings." Id., 804 n.1.

This narrow exception does not apply to the present case. SRS filed its postjudgment motion to intervene as a party to the underlying action, the granting of which would necessitate opening the stipulated judgment of strict foreclosure and would require further proceedings by the trial court. Moreover, the law day ran on July 31, 2023, which vested title absolutely in the plaintiff as the foreclosing mortgagee and extinguished Theraplant's right of redemption as the mortgagor. This court cannot grant the relief sought by SRS because the underlying matter has gone to judgment, the judgment has been fully executed, and the plaintiff's title to the property cannot be disturbed. Accordingly, there is no practical relief available to SRS and, therefore, this appeal is moot.

### III

Finally, this appeal does not present the facts and circumstances that would cause this court to extend its continuing equitable authority as established in *U.S. Bank National Assn.* v. *Rothermel*, 339 Conn. 366, 260 A.3d 1187 (2021).

Our Supreme Court in *Rothermel* concluded that there is "a limited exercise of jurisdiction over a narrow class of equitable claims raised in postvesting motions to open," despite the general prohibition of such jurisdiction by General Statutes § 49-15 (a) (1).[6] Id., 373. The category of claims that fall within this class of cases sound in " '[f]raud, accident, mistake, and surprise . . . .' " Id., 379; see, e.g., id., 370–71 (finding continuing equitable jurisdiction where movant relied on misrepresentations by loan servicer that caused her to fail to file motion to open before passage of law day); *New Milford Savings Bank* v. *Jajer*, 244 Conn. 251, 260, 708 A.2d 1378 (1998) (concluding that there was continuing jurisdiction where motion to open filed after running of law days sought "to correct an inadvertent omission in a foreclosure complaint"); *Wells Fargo Bank, N.A.* v. *Melahn*, 148 Conn. App. 1, 3–4, 85 A.3d 1 (2014) (concluding there was continuing equitable authority where plaintiff misrepresented to court that it had sent notice of judgment to movant prior to law day but, in fact, did not actually provide notice until law day). These are rare exceptions, applicable only in unusual circumstances. See, e.g., *U.S. Bank, National Assn.* v. *Fitzpatrick*, 206 Conn. App. 509, 510–13, 515 n.5, 260 A.3d 1240 (2021) (holding in *Rothermel* inapplicable to extend this court's postvesting equitable authority to appellant's challenge to order waiving newspaper advertisements for foreclosure sale where sale was advertised elsewhere).

Notably, SRS did not file a motion to open the foreclosure judgment along with its motion to intervene. Even if it had, however, SRS did not raise any colorable claims of the type that would cause this court to determine that equity requires the opening of the judgment after title vested in the plaintiff.

Nevertheless, on appeal, SRS attempts to invoke a *Rothermel*-like argument that Theraplant's waiver of an appraisal and the parties' stipulated property value based on the tax assessor's records is improper and unlawful. The property valuation was part of the parties' stipulation, was based on a municipal tax assessor's valuation and was accepted by the trial court in its order rendering the judgment of strict foreclosure. Theraplant's waiver of an appraisal, without any additional specific factual allegations regarding the "rare and exceptional" circumstances of fraud, accident, mistake or surprise, does not convert SRS's disagreement with the parties' valuation of the property into a claim sufficient to invoke this court's continuing equitable authority. SRS's failure to file a motion to open alleging facts that satisfy the very narrow class of claims eligible for *Rothermel* treatment leads us to determine that this court does not have jurisdiction to reach the merits of this otherwise moot appeal. This is especially true given that SRS has no direct interest in the property that can

be foreclosed in the underlying action.

For the foregoing reasons, this appeal is moot because an automatic stay did not stay the running of the law days, no practical relief can be granted on the denial of the motion to intervene because title has vested in the plaintiff, and there does not appear to be any basis for this court to invoke its continuing equitable authority after title in the subject property has vested in the plaintiff. The plaintiff's motion to dismiss this appeal as moot is therefore granted.

The appeal is dismissed.

In this opinion the other judges concurred.

[1] General Statutes § 52-102 provides in relevant part: "Upon a motion made by any . . . nonparty to a civil action . . . the nonparty so moving . . . (1) may be made a party by the court if that person has or claims an interest in the controversy, or any part thereof, adverse to the plaintiff, or (2) shall be made a party by the court if that person is necessary for a complete determination or settlement of any question involved therein . . . ."

[2] General Statutes § 52-107 provides: "The court may determine the controversy as between the parties before it, if it can do so without prejudice to the rights of others; but, if a complete determination cannot be had without the presence of other parties, the court may direct that such other parties be brought in. If a person not a party has an interest or title which the judgment will affect, the court, on his application, shall direct him to be made a party."

[3] Practice Book § 9-18 provides: "The judicial authority may determine the controversy as between the parties before it, if it can do so without prejudice to the rights of others; but, if a complete determination cannot be had without the presence of other parties, the judicial authority may direct that they be brought in. If a person not a party has an interest or title while the judgment will affect, the judicial authority, on its motion, shall direct that person to be made a party."

[4] The court reasoned that SRS's pending prejudgment remedy application, even "if it is granted, is subsequent to the mortgage" and, therefore, would be "undisturbed by this foreclosure." The trial court found that "[t]he motion is also untimely when considering General Statutes § 52-325 (a)," which "authorizes intervention after a notice of lis pendens is filed when the motion to intervene is filed prior to the date when the judgment . . . is rendered." (Internal quotation marks omitted.) Moreover, the court found that SRS "still has remedies available to it" but "has no standing to litigate" the foreclosure and underlying issues, such as "whether an attorney made proper representations to the court about the authority to stipulate on behalf of his client . . . ."

[5] *Wallingford Center Associates* involved an appeal of a municipal tax assessor's property revaluation to the trial court. *Wallingford Center Associates* v. *Board of Tax Review*, supra, 68 Conn. App. 804–805. The trial court in that case had already rendered judgment lowering the valuation when a nonparty filed a motion to intervene as the new titleholder to whom the previously overinflated valuation would apply in the absence of intervention. Id., 804. The trial court denied the motion, and the would-be intervenor appealed to this court. Id., 804–807. Although the previous owner's tax appeal was no longer pending before the trial court, this court determined that the appeal from the denial of the motion to intervene was not moot because relief was possible by directing the trial court to amend the judgment to extend the lower valuation to the new titleholder of the property. Id., 804–805.

[6] General Statutes § 49-15 (a) (1) provides in relevant part: "Any judgment foreclosing the title to real estate by strict foreclosure may . . . be opened and modified . . . provided no such judgment shall be opened after the title has become absolute in any encumbrancer . . . ."