******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# U.S. BANK TRUST, N.A. *v.* GREGG P. HEALEY ET AL.
## (AC 45761)

Elgo, Seeley and Westbrook, Js.

*Syllabus*

The plaintiff bank sought, by way of a summary process action, to recover possession of certain real property from the defendants. The property had been subject to a strict foreclosure action, and ownership became absolute in the plaintiff after the law day had passed. The defendant parents, the former owners of the property, the defendant C, their adult daughter, and their son, D, continued to reside at the property after the law day had passed. A notice to quit was served on the parents and C. D was not served with notice because he was a minor at the time of service and service of a notice to quit possession on a minor was not required under the applicable statute (§ 47a-23 (c)). After this court affirmed the trial court's judgment of possession for the plaintiff, the defendants moved to open and dismiss the judgment for mootness and lack of subject matter jurisdiction. The defendants claimed that, because D, who continued to reside at the property, had turned eighteen years old, the plaintiff was required to have served a notice to quit on him. Because the notice to quit could not be retroactively amended to include D, the defendants claimed that the judgment of possession became invalid, as all adults presently residing at the property had not been properly served pursuant to § 47a-23 (c) before the judgment of possession had been executed. The trial court denied the defendants' motion, finding that the notice to quit had been properly served on all adult occupants and the fact that D reached the age of majority after the judgment had been rendered did not cause the notice to quit to become defective. On the defendants' appeal to this court, *held* that this court lacked subject matter jurisdiction over the defendants' appeal as the defendants were not aggrieved by the denial of their motion to open and dismiss the judgment of possession: the defendants were not classically aggrieved by the trial court's decision denying their motion to open and dismiss the judgment as that motion was premised on their claim that D had not been served with a notice to quit as required by § 47a-23 (c), a claim that was based on a right or interest that allegedly belonged to a third party, D, who was a nonparty to the present action; moreover, even if the defendants arguably have a specific, personal, and legal interest in the subject matter of the judgment of possession to remain residing in the property, the defendants failed to identify a special, personal interest belonging to them that has been specifically and injuriously affected by the trial court's decision denying the motion to open and dismiss; furthermore, the defendants failed to demonstrate that they were statutorily aggrieved under § 47a-23 (c), as the defendants did not

claim that they were not properly served with the notice to quit, rather, they claimed that D, a nonparty, was not properly served with notice, and there was no judicial relief that the defendants could seek under § 47a-23 (c), as the defendants' claim related to the plaintiff's alleged failure to comply with service under § 47a-23 as to D, a nonparty; accordingly, the appeal was dismissed.

Argued January 8—officially released April 23, 2024

*Procedural History*

Summary process action, brought to the Superior Court in the judicial district of Stamford-Norwalk, Housing Session, where the court, *Spader, J.*, rendered judgment of possession for the plaintiff, from which the defendants appealed to the this court, *Alvord, Cradle* and *Palmer, Js.*, which affirmed the trial court's judgment; thereafter, the court, *Baio, J.*, denied the defendants' motion to open and dismiss the judgment of possession; subsequently, the court denied the defendants' motion to reargue, and the defendants appealed to this court. *Appeal dismissed.*

*Gregg P. Healey*, self-represented, with whom, on the brief, were *Bridgette G. Healey*, self-represented, and *Claire A. Healey*, self-represented, the appellants (named defendant et al.).

*Vincent J. Averaimo*, for the appellee (plaintiff).

*Opinion*

SEELEY, J. The defendants Gregg P. Healey, Bridgette G. Healey, and Claire A. Healey appeal, challenging the trial court's denial of their motion to open and dismiss the judgment of possession rendered in favor of the plaintiff, U.S. Bank Trust, N.A., as trustee for LSF9 Master Participation Trust.[1] On appeal, the

---

[1] The complaint also named several individuals: John Doe I, Jane Doe II, John Doe II, Jane Doe III and John Doe III. Those parties have been removed and are not participating in this appeal. We refer herein to Gregg P. Healey, Bridgette G. Healey, and Claire A. Healey collectively as the defendants and, where appropriate, individually by name.

Although the defendants' appeal form lists the date of the court's denial of their motion to reargue the court's decision denying their motion to open and dismiss the judgment of possession, and the defendants' appellate brief

defendants claim that the judgment of possession, although valid when originally rendered, is no longer valid as a result of the fact that Connor Healey (Connor),[2] the son of Gregg P. Healey and Bridgette G. Healey, who also resides at the premises, has since turned eighteen years old and was never served with a notice to quit. As a result, the defendants claim that the court was deprived of subject matter jurisdiction with respect to the judgment of possession and that the judgment, therefore, should have been dismissed. We conclude that the defendants are not aggrieved by the denial of their motion to open and dismiss and, accordingly, dismiss their appeal.

The following facts and procedural history are relevant to the defendants' appeal. This case has a lengthy procedural history, largely due to the numerous motions and appeals filed by the defendants. This case originated in 2010 as a foreclosure action against Gregg P. Healey and Bridgette G. Healey after they defaulted

includes one sentence stating that the defendants are appealing from the denial of their motion to reargue, the substance of their claim on appeal challenges the court's decision denying their motion to open and dismiss the judgment of possession. Because any defect in the appeal form is technical and not jurisdictional in nature, we treat the defendants' appeal as being from the court's denial of their motion to open and dismiss the judgment of possession. See *Pritchard* v. *Pritchard*, 281 Conn. 262, 275, 914 A.2d 1025 (2007) ("[T]he forms for appeals and amended appeals do not in any way implicate appellate subject matter jurisdiction. They are merely the formal, technical vehicles by which parties seek to invoke that jurisdiction. Compliance with them need not be perfect; it is the substance that matters, not the form.").

[2] The defendants' claim on appeal and in their motion to open and dismiss also concerned Ryan Healey, the other son of Gregg P. Healey and Bridgette G. Healey. On June 30, 2021, Ryan passed away from cancer; therefore, we limit our discussion in this opinion to Connor. We note that doing so in no way affects our decision in this appeal. Because Ryan and Connor were minors when the notice to quit was served on the defendants, both are nonparties to this action, and both turned eighteen years old after the judgment of possession was rendered, and, accordingly, the basis for our decision is the same, regardless of whether it pertains to one or both sons.

on a note secured by a mortgage on real property located at 61 East Meadow Road in Wilton.[3] After several years of litigation, a judgment of strict foreclosure was rendered in 2016. The defendants appealed from that judgment, which was affirmed by this court in 2017. The litigation between the parties continued over the course of two more years, during which time the defendants filed several more motions and requests that were denied by the court, along with two more appeals that were dismissed as frivolous.

After the dismissal of the last of the defendants' appeals in 2018, the plaintiff filed a motion to reset the law day. On January 14, 2019, the court granted the motion and rendered a new judgment of strict foreclosure. The court also set a new law day for February 5, 2019. After the passing of the law day, title to the subject property became absolute in the plaintiff on February 7, 2019.[4] The plaintiff subsequently commenced the present summary process action against the defendants in August, 2019, seeking a judgment of possession of the subject premises. A notice to quit possession was served on Gregg P. Healey; Bridgette G. Healey; Claire A. Healey, also known as Jane Doe 1; John Doe 1; John Doe 2; Jane Doe 2; and Jane Doe 3.[5] The original complaint listed the wrong address for

---

[3] The foreclosure action initially was commenced by JPMorgan Chase Bank, National Association (JPMorgan). On December 22, 2015, the court granted JPMorgan's motion to substitute U.S. Bank Trust, N.A., as trustee for LSF9 Master Participation Trust, as the plaintiff in that action.

[4] "Where there [is] no appellate stay in effect when the law days [begin] to run . . . absolute title to the property [transfers] to the plaintiff as a matter of law after all law days expired." (Internal quotation marks omitted.) *DXR Finance Parent, LLC* v. *Theraplant, LLC*, 223 Conn. App. 362, 370, 309 A.3d 347, cert. denied, 348 Conn. 957, 310 A.3d 380 (2024). In the present case, because there was no appellate stay in effect when the law day passed, the running of the law day on February 5, 2019, carried out the judgment of strict foreclosure.

[5] The John Does and Jane Does, who had been included in the notice to quit to cover any other potential adults residing at the premises, were removed from the case on November 1, 2019, by order of the court, after it was determined that the only other occupants at the premises were minors.

the subject property. The plaintiff subsequently requested leave to amend the complaint, which was granted, and the complaint was amended to reflect the correct address. The defendants filed an answer denying the allegations of the complaint along with a special defense, in which they asserted that the court lacked subject matter jurisdiction over the action "because the original summons and complaint are defective and cannot be amended . . . ."

Following a hearing, the court rendered judgment of possession in favor of the plaintiff on October 31, 2019, from which the defendants timely appealed to this court. On October 19, 2021, this court affirmed the judgment of possession. See *U.S. Bank Trust, N.A.* v. *Healey*, 208 Conn. App. 903, 259 A.3d 723 (2021), cert. denied, 341 Conn. 902, 269 A.3d 789 (2022). On February 28, 2022, the defendants filed a motion to open and dismiss the judgment of possession for mootness and lack of subject matter jurisdiction. In that motion, they claimed that the judgment became invalid because Connor,[6] who had not been served with the notice to quit as he was a minor at the time, turned eighteen years old after the judgment of possession had been rendered, but before it was executed. On April 5, 2022, the court, *Baio, J.*, heard arguments on the motion to open and dismiss. On July 8, 2022, the court rendered judgment denying the motion, finding that the notice to quit had been properly served on all the adult occupants and that the fact that a minor residing in the property had reached the age of majority after the judgment had been rendered did not cause the notice to quit to become defective.

On August 1, 2022, the defendants filed a motion to reargue the denial of their motion to open and dismiss

---

[6] The defendants' motion referred to both Ryan and Connor. For the reasons explained earlier in this opinion; see footnote 2 of this opinion; we refer to Connor as the relevant nonparty.

the judgment, which the court denied. This appeal followed. Thereafter, the parties submitted their appellate briefs. We subsequently ordered the parties to file supplemental briefs concerning the issue of whether the defendants "had standing to file the February 28, 2022 motion to open the judgment of possession on behalf of a nonparty, [Connor] Healey; see *St. Paul's Flax Hill* [*Co-operative*] v. *Johnson*, 124 Conn. App. 728, 738 n.8 [6 A.3d 1168] (2010), cert. denied, 300 Conn. 906 [12 A.3d 1002] (2011); and whether they are aggrieved by the trial court's July 8, 2022 order denying that motion. See *M.U.N. Capital, LLC* v. *National Hall Properties, LLC*, 163 Conn. App. 372 [136 A.3d 665], cert. denied, 321 Conn. 902 [136 A.3d 1272] (2016)."[7]

In their supplemental brief, the defendants assert, inter alia, that they are aggrieved by the denial of their motion to open and dismiss. First, they assert that they are statutorily aggrieved due to "the fact that the plaintiff no longer complies with the summary process statutes." This claim is premised on the fact that Connor had never been served with a notice to quit and the defendants' assertion that the judgment of possession became invalid when Connor, a minor residing at the property, reached the age of majority after the judgment of possession had been rendered but before it was executed. Second, the defendants argue that they are classically aggrieved, as they have "a personal interest in occupying their long-time residence," and "they could be unlawfully disposed of their residence . . . [which]

---

[7] We also ordered the parties to file supplemental briefs on the following issue: "Whether this appeal from the denial of a motion to open a judgment of possession rendered in a summary process matter must be dismissed as jurisdictionally late because it was not filed within the five day appeal period provided by General Statutes § 47a-35. See [*Housing Authority*] v. *Parks*, 211 Conn. App. 528 [273 A.3d 245] (2022)." Because we conclude that the issue of aggrievement is dispositive of this appeal, we do not address this issue.

would unfairly deprive the defendants' rights of possession." The plaintiff counters in its supplemental brief that the defendants are not aggrieved because "the motion to open is solely directed at purported issues of service as to [Connor] and not to any of the defendants."

We begin with the relevant legal principles. "A threshold inquiry of this court upon every appeal presented to it is the question of appellate jurisdiction. . . . It is well established that the subject matter jurisdiction of the Appellate Court . . . is governed by [General Statutes] § 52-263,[8] which provides that an aggrieved party may appeal to the court having jurisdiction from the final judgment of the court. . . . [O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case. . . . If it becomes apparent to the court that such jurisdiction is lacking, the appeal must be dismissed." (Footnote added; internal quotation marks omitted.) *M.U.N. Capital, LLC* v. *National Hall Properties, LLC*, supra, 163 Conn. App. 374.

"The terms aggrievement and standing have been used interchangeably throughout most of Connecticut jurisprudence. We previously have stated that [t]he question of aggrievement is essentially one of standing . . . . Although these two legal concepts are similar, they are not, however, identical. Aggrievement is established if there is a possibility, as distinguished from a

---

[8] General Statutes § 52-263 provides in relevant part: "Upon the trial of all matters of fact in any cause or action in the Superior Court, whether to the court or jury, or before any judge thereof when the jurisdiction of any action or proceeding is vested in him, if either party is aggrieved by the decision of the court or judge upon any question or questions of law arising in the trial, including the denial of a motion to set aside a verdict, he may appeal to the court having jurisdiction from the final judgment of the court . . . ."

certainty, that some legally protected interest . . . has been adversely affected." (Citation omitted; footnote omitted; internal quotation marks omitted.) *Gladysz* v. *Planning & Zoning Commission*, 256 Conn. 249, 255, 773 A.2d 300 (2001). "Aggrievement, in essence, is appellate standing." *Marine Midland Bank* v. *Ahern*, 51 Conn. App. 790, 797, 724 A.2d 537 (1999), appeal dismissed, 252 Conn. 151, 745 A.2d 189 (2000). "It is axiomatic that aggrievement is a basic requirement of standing, just as standing is a fundamental requirement of jurisdiction. . . . There are two general types of aggrievement, namely, classical and statutory; either type will establish standing, and each has its own unique features. . . . The test for determining [classical] aggrievement encompasses a well settled twofold determination: first, the party claiming aggrievement must demonstrate a specific personal and legal interest in the subject matter of the decision, as distinguished from a general interest shared by the community as a whole; second, the party claiming aggrievement must establish that this specific personal and legal interest has been specially and injuriously affected by the decision." (Citation omitted; internal quotation marks omitted.) *In re Ava W.*, 336 Conn. 545, 554–55, 248 A.3d 675 (2020).

"Statutory aggrievement exists by legislative fiat, not by judicial analysis of the particular facts of the case. In other words, in cases of statutory aggrievement, particular legislation grants standing to those who claim injury to an interest protected by that legislation." (Internal quotation marks omitted.) *Fort Trumbull Conservancy, LLC* v. *Alves*, 262 Conn. 480, 487, 815 A.2d 1188 (2003).

The defendants' argument that they are classically aggrieved, as they have "a personal interest in occupying their long-time residence" and "they could be unlawfully disposed of their residence . . . [which]

would unfairly deprive the defendants' rights of posses-sion" is unavailing. The defendants' motion to open and dismiss is premised on a claim that Connor, an adult presently residing at the property, had never been served with a notice to quit as required by General Statutes § 47a-23 (a). The defendants acknowledge that Connor was a minor when the notice to quit was served on them and, thus, that "it was not necessary to include the name of a minor child in the notice to quit . . . ." *Sullivan* v. *Lazzari*, 135 Conn. App. 831, 841, 43 A.3d 750, cert. denied, 305 Conn. 925, 47 A.3d 844 (2012). They also made no claim in their motion that service of the notice to quit on them was defective in any way. Instead, the motion is premised on a claim that, because Connor turned eighteen years old after the judgment of possession had been rendered but before it was exe-cuted, Connor became an adult residing in the house who is not a party to the judgment, and because there is no way to legally add him as a defendant to the action retroactively, the statutory requirement of service of the notice to quit on each adult occupant had not been satisfied. Despite the defendants' arguments to the con-trary, the inescapable conclusion is that the entirety of their claim is premised on Connor, a nonparty to the action, and the fact that Connor is now an adult residing in the house who was never served with a notice to quit. Thus, the defendants, in filing their motion to open and dismiss, were attempting to invalidate the judgment of possession on the basis of a right or interest that allegedly belonged to nonparty.

We therefore conclude that the defendants are not classically aggrieved by the trial court's decision deny-ing the motion to open and dismiss. Even if the defen-dants arguably have a specific, personal, and legal inter-est in the subject matter of the decision, they have not identified a special, personal interest *belonging to them* that has been specifically and injuriously affected by

the court's decision denying the motion to open and dismiss. In other words, the defendants cannot be aggrieved by the denial of a motion that invoked the rights of a nonparty to the action when, as here, the interest asserted in the motion was wholly premised on Connor's rights.

The defendants' arguments in support of their claim that they are statutorily aggrieved also lack support. The defendants' statutory aggrievement argument is similarly premised on the fact that Connor was never served with a notice to quit and the plaintiff's alleged failure to comply with § 47a-23 (c).[9] As we have stated in this opinion, "the standing question in . . . cases [of statutory aggrievement] is whether the . . . statutory provision on which the claim rests properly can be understood as granting persons in the [party's] position a right to judicial relief. . . . The [party claiming aggrievement] must be within the zone of interests protected by the statute." (Internal quotation marks omitted.) *Cornelius* v. *Rosario*, 138 Conn. App. 1, 7, 51 A.3d 1144, cert. denied, 307 Conn. 934, 56 A.3d 713 (2012), cert. denied sub nom. *Cornelius* v. *Nelson* 571 U.S. 819, 134 S. Ct. 386, 187 L. Ed. 2d 28 (2013). The defendants, as adult occupants of the premises, are arguably within the zone of interests protected by the statute, but, because they do not claim that *they* were not properly served with the notice to quit, there is no judicial relief that they can seek under the statute. Because the defendants' claim concerning the plaintiff's alleged failure to comply with § 47a-23 (c) relates to Connor, a nonparty, the defendants have not demonstrated that they are statutorily aggrieved under § 47a-23 (c).

In conclusion, this court lacks jurisdiction over this appeal because the defendants are not aggrieved by the

---

[9] General Statutes § 47a-23 (c) requires that a copy of the notice to quit "shall be delivered to each lessee or occupant or left at such lessee's or occupant's place of residence . . . ."

denial of their motion to open and dismiss the judgment of possession.[10]

The appeal is dismissed.

In this opinion the other judges concurred.

---

[10] With respect to the issue of standing, Connecticut courts have consistently held that "one party has no standing to raise another's rights." (Internal quotation marks omitted). *Fairfield Merrittview Ltd. Partnership* v. *Norwalk*, 320 Conn. 535, 548, 133 A.3d 140 (2016); see also *Sadloski* v. *Manchester*, 235 Conn. 637, 643, 668 A.2d 1314 (1995) (taxpayer lacked standing to assert rights of other taxpayers who did not file appeal); *Bayview Loan Servicing, LLC* v. *Ishikawa*, 220 Conn. App. 625, 633, 298 A.3d 1276 (2023) (*Bayview*) (defendant in foreclosure action lacked standing to assert special defense of lack of notice that was personal to defendant's former spouse); *St. Paul's Flax Hill Co-operative* v. *Johnson*, supra, 124 Conn. App. 737 n.8 (defendant lacked standing to assert claim that notice served on his mother was defective), cert. denied, 300 Conn. 906, 12 A.3d 1002 (2011); *McGinty* v. *McGinty*, 66 Conn. App. 35, 39 n.6, 783 A.2d 1170 (2001) (plaintiff mother lacked standing to assert right that belonged to her minor child). The standing issue in the present case arises in the context of the defendants asserting the rights of a third party defensively. In *Bayview*, this court recently addressed a standing issue similar to the one in the present case and determined that the defendant lacked standing to raise her second special defense, which was based on a lack of notice to quit to her former spouse. *Bayview Loan Servicing, LLC* v. *Ishikawa*, supra, 633. In making that determination in *Bayview*, this court also recognized that the standing issue in that case did not implicate the court's subject matter jurisdiction to resolve the underlying dispute between the plaintiff and the defendant. Id., 633 n.10. Rather, its determination that the defendant could not raise a defense personal to her former spouse was made for prudential reasons consistent with the federal doctrine of prudential standing, which arises when a litigant asserts the rights of a third party defensively. Id.; see also *Warth* v. *Seldin*, 422 U.S. 490, 500 n.12, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975). Although the doctrine of prudential standing is not derived from article three of the United States constitution, the doctrine "encompass[es] . . . at least three broad principles," including "the general prohibition[ on a litigant's raising another person's legal rights . . . ." (Internal quotation marks omitted.) *Lexmark International, Inc.* v. *Static Control Components, Inc.*, 572 U.S. 118, 126, 134 S. Ct. 1377, 188 L. Ed. 2d 392 (2014); see also *Sprint Communications Co., L.P.* v. *APCC Services, Inc.*, 554 U.S. 269, 289–90, 128 S. Ct. 2531, 171 L. Ed. 2d 424 (2008) (explaining that United States Supreme Court has imposed "prudential limitations . . . in prior cases where a plaintiff has sought to assert the legal claims of third parties").

In the present case, the defendants' motion to open and dismiss is premised on the rights of Connor, a nonparty to the action, and the fact that Connor is now an adult residing in the house who was never served with a notice to quit. The defendants are precluded, however, from asserting the rights of Connor for the same prudential considerations this court outlined in *Bayview*. See *Bayview Loan Servicing, LLC* v. *Ishikawa*, supra, 220 Conn. App. 633 n.10; see also *Warth* v. *Selden*, supra, 422 U.S. 509 ("the prudential standing rule . . . bars litigants from asserting the rights or legal interests of others in order to obtain relief from injury to themselves"). Because prudential standing does not implicate the court's subject matter jurisdiction, we focus our decision on the issue of aggrievement as set forth in our supplemental order, which is dispositive.