******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# SHAOHUA HUANG *v.* BRIAN CONSTANTINE MURRAY ET AL.
## (AC 47364)

Suarez, Westbrook and Wilson, Js.

*Syllabus*

The named defendant, M, appealed from the trial court's judgment of possession for the plaintiff landlord in the plaintiff's summary process action. M claimed, inter alia, that the court had misapplied the law in rendering the judgment of possession. *Held*:

M failed to demonstrate that the trial court's legal conclusion regarding his right to occupy the premises was not legally and logically correct or that the relevant facts that the court had relied on were not supported by the evidence in the record, and, accordingly, this court affirmed the judgment of possession rendered against M.

This court dismissed the appeal with respect to M's claims regarding the trial court's rulings against the other defendants because it concluded that M was not aggrieved relative to those claims, and, therefore, the claims were jurisdictionally defective, and this court could not adjudicate their merits.

Argued January 22—officially released February 24, 2026

*Procedural History*

Summary process action, brought to the Superior Court in the judicial district of Stamford-Norwalk, Housing Session, where the court, *Cirello, J.*, granted the plaintiff's motions for default for failure to appear and judgment of possession against the defendant Jane Doe #1, also known as Dana Lynn Dalrymple, et al.; thereafter, the court, *Cirello, J.*, entered a default judgment of possession against the defendant Jonathan Dalrymple; subsequently, the court, *Cirello, J.*, entered default judgments against the defendant John Doe #1, also known as Sean Dalrymple, et al.; thereafter, the case was tried to the court, *Cirello, J.*; judgment of possession for the plaintiff, from which the named defendant appealed to this court. *Appeal dismissed in part*; *affirmed*.

*Brian Constantine Murray*, self-represented, the appellant (named defendant).

*Opinion*

PER CURIAM. In this summary process action, the defendant Brian Constantine Murray[1] appeals from the judgment of possession rendered by the trial court in favor of the plaintiff, Shaohua Huang.[2] Murray claims on appeal that the trial court improperly **(1)** misapplied the law in rendering the judgment of possession, **(2)** determined that the plaintiff had established her ownership of the premises and, thus, her standing to bring the summary process action, **(3)** granted motions for default and rendered default judgments of possession against other defendants, and **(4)** allowed the court-appointed attorney for the defendant Jonathan Dalrymple to withdraw from representation.[3] We disagree with claims one and two and conclude that Murray is not aggrieved with respect to claims three and four. Accordingly, we dismiss the appeal with respect to claims three and four and otherwise affirm the judgment of the court.

The following facts, which were found by the court or are undisputed in the record, and procedural history

[1] Also named as defendants in the action were Murray's wife, Jane Doe #1, also known as Dana Lynn Dalrymple; his two adult sons, Jonathan Dalrymple and John Doe #1, also known as Sean Dalrymple; and John Doe #2, Jane Doe #2 and Jane Doe #3, whose names were not known to the plaintiff at the time the action was commenced. Jane Doe #2 and Jane Doe #3 were later identified as, respectively, Ashlee N. Dalrymple and Kaitlyn M. Dalrymple. Prior to trial, the court granted motions for default for failure to appear and entered default judgment of possession against Ashlee N. Dalrymple, Kaitlyn M. Dalrymple and Dana Lynn Dalrymple, none of whom is a participant in the present appeal.

[2] We note that the plaintiff did not file an appellee's brief with this court nor did she appear at oral argument. Therefore, the appeal was considered on the basis of Murray's brief and oral argument and the record only.

[3] Murray's appellant brief is not a model of clarity. We nevertheless are mindful of the fact that Murray is a self-represented party, and we have attempted to be solicitous in our review of his claims, restating them as necessary for clarity. See *C. B.* v. *S. B.*, 211 Conn. App. 628, 630, 273 A.3d 271 (2022) ("[i]t is the established policy of the Connecticut courts to be solicitous of [self-represented] litigants and when it does not interfere with the rights of other parties to construe the rules of practice liberally in favor of the [self-represented] party" (internal quotation marks omitted)).

are relevant to our disposition of this appeal. The plaintiff is the landlord and owner of premises located at 38 Drumlin Road in Westport. She leased the premises to Murray for a two year term between February, 2021, and February, 2023. The premises was occupied by Murray and his immediate family members, who also were named as defendants in this action. See footnote 1 of this opinion. In November, 2023, following service of the statutorily required notice to quit, the plaintiff brought the underlying summary process action, in which she alleged termination of the lease by lapse of time, that the defendants' right or privilege to occupy the premises had terminated, that the defendants never had the right or privilege to occupy the premises, and the nonpayment of rent or use and occupancy payments. Murray entered an appearance as a self-represented litigant. Attorney Richard Rapice was appointed by the court and entered an appearance on behalf of Jonathan Dalrymple. The defendant Sean Dalrymple and the remaining defendants were nonappearing in the trial court action.

The court, *Cirello, J.*, conducted a trial on the plaintiff's summary process complaint on February 8, 2024, following which, on the same day, it issued an order rendering a judgment of possession in favor of the plaintiff. In its order, the court explained that, during the hearing, it had excused Rapice from his representation of Jonathan Dalrymple on the basis of the court's in camera review of correspondence indicating that Jonathan Dalrymple had requested that Rapice's representation be terminated. The court further explained that the summary process trial had proceeded with the plaintiff, her counsel, and Murray present. The trial court stated that it had rendered a default judgment of possession against Jonathan Dalrymple because "he was aware of the matter and failed to appear or retain counsel for the scheduled trial date." Moreover, the court provided that it was entering "default [judgments] against John Doe #1 [also known as] Sean Dalrymple and John Doe #2 upon oral motion of the plaintiff during trial," after "conclud[ing] that the nonappearing defendants wilfully

failed to file an appearance in the action for the purposes of delay." In addition to the default judgments, the court concluded that the plaintiff was entitled to judgment against Murray on the ground that his right or privilege to occupy the premises had terminated and, as a result, the court rendered judgment of immediate possession for the plaintiff against all of the defendants. Murray thereafter timely filed the present appeal.[4]

"Summary process is a special statutory procedure designed to provide an expeditious remedy. . . . It enable[s] landlords to obtain possession of leased premises without suffering the delay, loss and expense to which, under the common-law actions, they might be subjected by tenants wrongfully holding over their terms. . . . Summary process statutes secure a prompt hearing and final determination. . . . Therefore, the statutes relating to summary process must be narrowly construed and strictly followed. . . . As a condition precedent to a summary process action, proper notice to quit is a jurisdictional necessity." (Citation omitted; internal quotation marks omitted.) *HUD/Willow Street Apartments* v. *Gonzalez*, 68 Conn. App. 638, 642–43, 792 A.2d 165 (2002). In an appeal challenging a judgment of possession, "it is the function of this court to determine whether the decision of the trial court is clearly erroneous. . . . This involves a two part function: [if] the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct and whether they find support in the facts set out in the memorandum of decision; [if] the factual basis of the court's decision is

[4] On April 12, 2024, the plaintiff filed a motion to dismiss this appeal as frivolous, which this court denied on May 8, 2024. Prior to oral argument, this court notified the parties "to be prepared to address at oral argument to what extent Murray is raising claims on appeal regarding the trial court's rulings against the other defendants in this action, Sean Dalrymple and Jonathan Dalrymple, and whether such claims should be dismissed as jurisdictionally defective for lack of aggrievement. See *U.S. Bank Trust, N.A.* v. *Healey*, 224 Conn. App. 867, [874–75, 315 A.3d 1112] (dismissing appeal by summary process defendants because they sought to assert claims involving legal interests of another party), cert. denied, 350 Conn. 910, [324 A.3d 141] (2024)."

challenged we must determine whether the facts set out in the memorandum of decision are supported by the evidence or whether, in light of the evidence and the pleadings in the whole record, those facts are clearly erroneous." (Internal quotation marks omitted.) *Getty Properties Corp.* v. *ATKR, LLC*, 315 Conn. 387, 406, 107 A.3d 931 (2015).

Murray's first two claims on appeal challenge the propriety of the judgment of possession rendered against him. Specifically, Murray argues that the plaintiff "has a history of filing defective and erroneous summary process actions" and implies that there was a problem with the notice to quit in the present case without explaining the precise nature of the purported defect or how the court misapplied the law. He additionally argues that the plaintiff failed to properly establish that she was the owner of the property with standing to litigate this action. The court, however, found that the plaintiff owned the property and that finding is not clearly erroneous because it is supported by the plaintiff's testimony at trial. See *Sullivan* v. *Lazzari*, 135 Conn. App. 831, 846, 43 A.3d 750 ("As the trier of fact, it was the court's exclusive province to weigh the conflicting evidence, determine the credibility of witnesses and determine whether to accept some, all or none of a witness' testimony. . . . The function of the appellate court is to review, and not retry, the proceedings of the trial court." (Internal quotation marks omitted.)), cert. denied, 305 Conn. 925, 47 A.3d 884 (2012). Finally, Murray argues that the lease had an arbitration clause that should have precluded the court from hearing the summary process action, but he fails to analyze how such a clause would bar this eviction action, which was not premised upon a dispute regarding the lease, which had expired, and nothing in the record shows that Murray sought to exercise his rights under the arbitration clause. Having thoroughly reviewed the underlying record, including the relevant pleadings, exhibits and transcripts, as well as the briefs of the parties, we conclude that Murray has failed to demonstrate that the court's legal conclusion regarding his lack of a

right to occupy the premises was not legally and logically correct or that the relevant facts that the court relied on were not supported by evidence in the record. Accordingly, with respect to claims one and two, we affirm the judgment of possession rendered against Murray in favor of the plaintiff.

With respect to Murray's remaining claims, claims three and four, we construe them as seeking to challenge the judgment of possession rendered against his sons. Specifically, Murray claims that the court improperly allowed Rapice to withdraw his representation of Jonathan Dalrymple and subsequently rendered a default judgment of possession against Jonathan Dalrymple. Murray further claims that the court improperly rendered a default judgment of possession against Sean Dalrymple without properly taking into account that Sean Dalrymple was a military reservist and by failing to provide him proper notice pursuant to the Servicemembers Civil Relief Act, 50 U.S.C. § 3901 et seq.[5]

"The terms aggrievement and standing have been used interchangeably throughout most of Connecticut

---

[5] Murray filed his appellant's brief on November 13, 2024. Jonathan Dalrymple filed an appellee's brief as a self-represented litigant on March 27, 2025, and Sean Dalrymple filed an appellee's brief as a self-represented litigant on July 23, 2025. In his appellee's brief, Jonathan Dalrymple claims that the trial court misapplied the governing law in rendering a judgment of possession in favor of the plaintiff, improperly allowed Rapice to withdraw his representation, and improperly rendered a default judgment of possession against him. The appellee's brief filed by Sean Dalrymple is substantively similar to the briefs filed by Murray and Jonathan Dalrymple insofar as he appears to claim that the trial court improperly rendered a default judgment against him, arguing that he was a military reservist and that the plaintiff did not comply with the notice requirement of the Servicemembers Civil Relief Act, 50 U.S.C. § 3901 et seq. Neither Jonathan Dalrymple nor Sean Dalrymple, however, is listed on the appeal form as an appellant, and neither filed a cross appeal. Moreover, neither sought to formally participate in this appeal as an appellant rather than as an appellee. Therefore, insofar as their briefs also seek reversal rather than affirmance of the trial court's judgment, we treat them as briefs filed by appellees who support the position of the appellant in accordance with Practice Book § 67-3A, notwithstanding their noncompliance with the provision that

jurisprudence. We previously have stated that [t]he question of aggrievement is essentially one of standing . . . . Although these two legal concepts are similar, they are not, however, identical. Aggrievement is established if there is a possibility, as distinguished from a certainty, that some legally protected interest . . . has been adversely affected. . . . Aggrievement, in essence, is appellate standing. . . . It is axiomatic that aggrievement is a basic requirement of standing, just as standing is a fundamental requirement of jurisdiction. . . . There are two general types of aggrievement, namely, classical and statutory; either type will establish standing, and each has its own unique features.[6] . . . The test for determining [classical] aggrievement encompasses a well settled twofold determination: first, the party claiming aggrievement must demonstrate a specific personal and legal interest in the subject matter of the decision, as distinguished from a general interest shared by the community as a whole; second, the party claiming aggrievement must establish that this specific personal and legal interest has been specially and injuriously affected by the decision." (Citations omitted; footnote added; internal quotation marks omitted.) *U.S. Bank Trust, N.A.* v. *Healey*, 224 Conn. App. 867, 873–74, 315 A.3d 1112, cert. denied, 350 Conn. 910, 324 A.3d 141 (2024).

In *Healey*, this court dismissed an appeal in a summary process case taken from the denial of the self-represented defendants' motion to open and dismiss the judgment of possession rendered against them because the basis for the motion to open was the plaintiff's alleged failure to serve a nonparty adult resident of the premises with a statutorily compliant notice to quit. Id., 875–77. This court determined in *Healey* that the specific, personal, and legal interest asserted by the defendants belonged

---

"an appellee who supports the position of the appellant shall meet the appellant's time schedule for filing a brief."

[6] There is no statute relevant to this appeal that would provide a basis for Murray to claim aggrievement with respect to the rulings made as to Sean Dalrymple and Jonathan Dalrymple, and Murray has not argued to the contrary. Accordingly, statutory aggrievement is not at issue, and we limit our discussion to classical aggrievement.

only to the nonparty, such that their appeal from the denial of a motion based wholly on the nonparty's interest was jurisdictionally defective for lack of aggrievement. Id., 875. Here, Murray raises claims on appeal regarding the trial court's default judgments rendered against Sean Dalrymple and Jonathan Dalrymple, as well as the trial court's ruling regarding the termination of Rapice's representation of Jonathan Dalrymple. Although Sean Dalrymple and Jonathan Dalrymple were named as defendants in the trial court action, unlike the nonparty at issue in *Healey*, *Healey* nonetheless is instructive insofar as Murray, like the defendants in *Healey*, seeks appellate relief in part on the basis of rulings regarding Sean Dalrymple and Jonathan Dalrymple that do not affect his own specific, personal, and legal interest because a separate judgment of possession was rendered against him on the merits of the plaintiff's claims. See id. "[If] a defendant has not established individual standing . . . this court is without subject matter jurisdiction to consider the merits of his underlying claim." *State* v. *Bradley*, 341 Conn. 72, 91, 266 A.3d 823 (2021); see also *Zenon* v. *Mossy*, 114 Conn. App. 734, 734 n.1, 970 A.2d 814 (2009) (holding that self-represented plaintiff could not represent interests of another party); *Third Taxing District* v. *Lyons*, 35 Conn. App. 795, 798, 647 A.2d 32 ("[g]enerally . . . a party does not have standing to raise another person's rights"), cert. denied, 231 Conn. 936, 650 A.2d 173 (1994).

To the extent that Murray makes claims on appeal regarding the trial court's rulings against other defendants, such as Sean Dalrymple and Jonathan Dalrymple, we conclude that Murray is not aggrieved relative to those claims, and, therefore, we cannot adjudicate their merits. Stated plainly, to the extent that Murray seeks to vindicate claims belonging to his sons, those claims are jurisdictionally defective and, thus, not properly before us. Accordingly, we dismiss the appeal with respect to those claims.

The appeal is dismissed with respect to the named defendant's claims regarding the default judgments of

possession against Jonathan Dalrymple and Sean Dalrymple; the judgment is affirmed in all other respects.