ALAN N. SOLOMON ET AL. *v.* JOHN CAVANAUGH
(4481)

DUPONT, C. J., HULL, and SPALLONE, Js.

Argued October 7—decision released December 16, 1986

*Thomas F. Flynn III,* with whom, on the brief, was *Gerald E. Farrell,* for the appellant (defendant).

*Lawrence J. Kendzior,* for the appellees (plaintiffs).

HULL, J. The plaintiffs, Alan N. Solomon and John F. Stanton, law partners, sued the defendant to collect a legal fee of $2939. The defendant filed a pro se appearance and a general denial. After the case appeared on the April, 1985 trial list, the following notice, dated May 10, 1985, was sent to all parties.

## "SOLOMON, ALAN M. DBA VS. CAVANAUGH, JOHN, CV-84-0225375-S

"Please take notice that the above case has been set down for court trial before the Hon. Ronald J. Fracasse at the New Haven Superior Court, 235 Church St., Room 4-E at 10:00 a.m. on June 28, 1985.

"All counsel and parties must be present and ready to proceed on the above date.

"Failure to comply will result in nonsuit, dismissal or default. In case of a default, the court will immediately proceed with a hearing in damages."

On May 10, 1985, a June trial list[1] of cases to be called on June 28, 1985, at 2 p.m., was sent to all parties in this case.

---

[1] Both the plaintiffs and the defendant designated the June trial list as part of the contents of the record. The defendant also designated the August 5, 1985 short calendar as part of the record. The trial list and the short calendar do not appear in the record or the file nor are they before us as exhibits. We take judicial notice of information which we have obtained from the office of the clerk of the Superior Court at New Haven. " 'There is no question . . . concerning our power to take judicial notice of files of the Superior Court, whether the file is from the case at bar or otherwise.' " *Snow* v. *Calise,* 174 Conn. 567, 575, 392 A.2d 440 (1978) (*House, C. J.,* dissenting), quoting *Karp* v. *Urban Redevelopment Commission,* 162 Conn. 525, 527, 294 A.2d 633 (1972).

The office of the clerk of the Superior Court at New Haven has diligently researched the matter at the request of this court. The office could not at this time furnish us with a copy of the August 5, 1985 short calendar. The clerk's office did furnish this court with a copy of the October 27, 1986 short calendar at New Haven. It provides in part:

"Beginning December 3, 1984 a new short calendar procedure will be in effect.

"THERE WILL BE NO FORMAL CALL OF CASES.

"Matters Printed as Arguable

"On the Thursday or Friday before the scheduled date the moving party or the party who has caused the matter to appear on the calendar must telephone the clerk's office and leave a message on the recording device indicating either that said party will proceed with argument or that the matter may be taken on the papers. The telephone number to call is 789-7864. The hours to call are between 11:00 a.m. and 5:00 p.m. on Thurs-

The plaintiffs appeared for trial before Judge Fracasse at 10 a.m. on the assigned day. The matter was referred to Hon. Harold M. Mulvey, state trial referee for hearing and judgment. The defendant failed to appear. The court defaulted the defendant, heard the plaintiffs on the issue of damages and rendered judgment for the plaintiffs to recover $2939 in damages.

The defendant does not mention the specific notice concerning appearance for trial on June 28, at 10 a.m. in his brief, nor did he do so at oral argument. He did not, however, deny that he received that notice. Present counsel appeared for the defendant and, on July 19, 1985, filed a motion to open and set aside the judgment of June 28, 1985. The accompanying affidavit of the defendant provided in pertinent part:

"3. I was present at 2:00 p.m. on June 28, 1985, ready to proceed, acting pro se.

"4. At the call of cases, called by Judge Fracasse, no one was present or answered for the plaintiff.

"5. Judge Fracasse, hearing no reply, said nothing and went on with the call of other cases.

"6. Judge Fracasse had said at the start of the call that all of the cases would be scheduled for trial in July or August.

"7. When Judge Fracasse passed the Solomon vs. Cavanaugh case, I left, expecting to receive a trial date notice in the mail.

"8. I have complete defense to the plaintiffs' action, in that the plaintiff dealt with Matech, Inc. and billed

---

day or between 9:00 a.m. and 11:00 a.m. on Friday. Such arguable matters will be marked 'off' unless a message is received by that time."

In view of the notice of the effective date, it is a reasonable inference that this notice was on the August 5, 1985 short calendar. The question of a possible conflict between this "local rule" and Practice Book § 209 was not raised by the parties and we do not consider it.

Matech, Inc.—only trying to collect from the undersigned when Matech, Inc. did not pay the plaintiffs' invoices."

All parties received notice showing that this case appeared on the short calendar list on August 5, 1985. The defendant's counsel claims that he received notice that the motion to open had been presented as an arguable matter on the August 5 short calendar and that he was unable to appear. He claims that he did not call the clerk as per the printed instructions on the August 5 calendar, as he intended that the matter go off.

The defendant claims erroneously that the calendar is part of the record. The defendant further alleges that the printed instructions on the calendar clearly state that any arguable case would be marked "off" if not marked ready on the prior Thursday or Friday. He was thereafter notified that on August 5, 1985, the court, *Fracasse, J.,* denied the motion without argument. The plaintiffs agree that the motion to open was printed on the August 5, 1985 short calendar as an "arguable" matter. The plaintiffs state that the calendar contained a special notice as to short calendar procedure, stating that the moving party of an arguable matter must leave a message that the party would proceed with argument or that the matter might be taken on the papers. They agree that the calendar also indicated that such matters would be marked off unless a message was received. They do not contest the defendant's counsel's allegations of his actions, which properly should have been made part of the record.

In response to the defendant's motion for articulation of the order denying the motion to open the judgment on default, the court further articulated: "The reasons stated in support of the motion are insufficient. On May 10, 1985, all parties were notified that trial was to commence at 10 a.m. on June 28, 1985. The plain-

tiffs appeared in accordance with said notice but the defendant failed to appear." The defendant appealed from the court's denial of his motion to open.

Our usual posture would be to decide, on this record, the propriety of the court's denial of the defendant's motion to open. We are not unaware of the rule stated in *Pointina Beach Assn.* v. *Stella*, 1 Conn. App. 341, 343, 471 A.2d 970 (1984), that " '[i]t remains the appellant's responsibility to secure an adequate appellate record, and under normal circumstances we will not remand a case to correct a deficiency the appellant should have remedied.' " The appellant should have provided the August 5, 1985 short calendar in the record. We conclude, however, that despite the procedural deficiencies on the defendant's part, we should exercise extreme caution where a lawyer brings a suit for legal fees against a client who, during part of the proceedings, appeared pro se. The plaintiffs agree that the August 5, 1985 short calendar provided that "arguable matters" would be marked off unless a message was received. Despite the sorry state of this record, our concern rests with the paramount importance of the right to be heard in a fair system of laws. *East Haven* v. *Paranto*, 2 Conn. App. 449, 453, 479 A.2d 1225 (1984).

There is error, the judgment is set aside and the case is remanded for a hearing on the defendant's motion to open the judgment after default.

In this opinion the other judges concurred.