******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

## LENDINGHOME FUNDING CORPORATION *v.*
## REI HOLDINGS, LLC, ET AL.
### (AC 46292)

Elgo, Moll and Seeley, Js.

*Syllabus*

The plaintiff sought to foreclose a mortgage on certain real property owned by the defendant R Co. The defendant H Co. was a junior lienholder. The trial court rendered a judgment of strict foreclosure. Before the judgment of strict foreclosure was recorded in the trial court file and notice issued to counsel, H Co. filed a motion for judgment of foreclosure by sale, on which the trial court never ruled. Thereafter, the law days passed, and the plaintiff recorded the passing of title. More than two years later, H Co. reclaimed the motion for judgment of foreclosure by sale, which was eventually marked off short calendar. H Co. also filed a motion to open the judgment, which the trial court denied. On H Co.'s appeal to this court, *held*:

1. H Co. could not prevail on its claim that the trial court, in denying its motion to open, improperly concluded that it was not entitled to relief pursuant to statute (§ 49-15) because absolute title to the property had vested in the plaintiff: no appellate stay was in effect when the law days passed, such that the law days were legally effective, and, without redemption, absolute title to the property vested in the plaintiff, thereby precluding the defendant from obtaining relief pursuant to § 49-15; moreover, the filing of the motion for judgment of foreclosure by sale did not operate to extend the appellate stay vis-à-vis the judgment of strict foreclosure, which expired well before the law days passed, as the motion did not satisfy the requirements of the relevant rule of practice (§ 63-1 (c) (1)).

2. H Co. could not prevail on its claim that the trial court, in denying its motion to open, failed to consider that, even if absolute title to the property had vested in the plaintiff, the court had inherent, continuing jurisdiction to open the judgment as a result of the plaintiff's failure to comply with the court's Uniform Foreclosure Standing Orders; although H Co.'s claim for equitable relief in the motion to open was colorable, H Co. failed to demonstrate the existence of rare and exceptional circumstances warranting the extraordinary equitable relief that it sought in the motion to open.

Argued April 16—officially released September 10, 2024

*Procedural History*

Action to foreclose a mortgage on certain real property owned by the named defendant, and for other relief,

brought to the Superior Court in the judicial district of Hartford, where the named defendant et al. were defaulted for failure to appear; thereafter, the court, *Dubay, J.*, granted the plaintiff's motion for judgment of strict foreclosure; subsequently, the defendant Homeowners Finance Co. filed a motion for judgment of foreclosure by sale; thereafter, the court, *Dubay, J.*, rendered judgment of strict foreclosure; subsequently, the court, *S. Connors, J.*, denied the motion to open and vacate the judgment filed by the defendant Homeowners Finance Co.; thereafter, the court, *S. Connors, J.*, denied the motion to reconsider filed by the defendant Homeowners Finance Co., and the defendant Homeowners Finance Co. appealed to this court. *Affirmed.*

*John A. Sodipo*, for the appellant (defendant Homeowners Finance Co.).

*Opinion*

MOLL, J. The defendant Homeowners Finance Co.[1] appeals from the judgment of the trial court denying its motion to open the judgment of strict foreclosure rendered in favor of the plaintiff, LendingHome Funding Corporation, and denying its motion to reconsider. On appeal, the defendant claims that the court (1) improperly concluded, on the basis that title to the property at issue had become absolute in the plaintiff, that the defendant was not entitled to relief pursuant to General Statutes § 49-15 because, according to the defendant, an appellate stay was in effect when the law days passed, thereby rendering them ineffective, and (2) failed to consider that, even if absolute title had vested in the plaintiff, it had inherent, continuing jurisdiction to open

---

[1] The complaint also named REI Holdings, LLC, and Wayne Francis as defendants, but those parties were defaulted for failure to appear and are not participating in this appeal. For purposes of clarity, we refer to Homeowners Finance Co. as the defendant.

the judgment of strict foreclosure under the circumstances of the present action. We conclude that (1) no appellate stay was in effect when the law days passed, such that the law days were legally effective and, without redemption, absolute title to the property vested in the plaintiff, thereby precluding the defendant from obtaining relief pursuant to § 49-15, and (2) the circumstances of the present action did not justify the exercise of the court's inherent, continuing jurisdiction to afford the defendant equitable relief. Accordingly, we affirm the judgment of the trial court.[2]

The following procedural history is relevant to our resolution of this appeal. On April 27, 2018, the plaintiff commenced the present action. In its complaint, the plaintiff alleged in relevant part as follows. By way of a commercial promissory note, dated August 4, 2016 (note), REI Holdings, LLC, promised to pay the principal sum of $112,500 payable with interest to the plaintiff. To secure the note, REI Holdings, LLC, executed a mortgage on real property that it owned at 93 Jefferson Lane in East Hartford (property). The mortgage deed, which is conditioned on the payment of the note and the performance of certain covenants and other conditions, was recorded on August 29, 2016, in the East Hartford land records. The defendant is a junior lienholder by virtue of a mortgage in the original principal amount of $78,750, dated August 4, 2017, and recorded on August 11, 2017, in the East Hartford land records. Following a default on the note, the plaintiff exercised its option to accelerate the entire balance due on the note. Counts one and two of the complaint sought payment on the note and foreclosure on the mortgage securing the note, respectively.[3]

---

[2] The plaintiff did not file a brief in this court. On December 19, 2023, this court ordered that this appeal shall be considered on the basis of the defendant's brief and appendix, the record, as defined by Practice Book § 60-4, and oral argument, if not waived.

[3] The complaint set forth a third count asserting a claim of breach of guarantee against Wayne Francis.

On August 7, 2018, the defendant was defaulted for failure to disclose a defense. On October 24, 2018, the plaintiff filed a motion for judgment of strict foreclosure, to which the defendant did not file an objection. On November 5, 2018, the trial court, *Dubay, J.*, rendered a judgment of strict foreclosure, finding the amount of the debt on the property, exclusive of fees, to be $148,861.03 and the fair market value of the property to be $90,000. The court scheduled the law days to commence on February 25, 2019. At 5:37 p.m. on November 9, 2018, the court's order rendering the judgment of strict foreclosure was recorded in the trial court file, and later that evening, a JDNO notice[4] of the judgment of strict foreclosure was electronically issued to respective counsel for the plaintiff and the defendant at the time.[5]

At 10:48 a.m. on November 9, 2018, before the court's order rendering the judgment of strict foreclosure was recorded in the trial court file and prior to the issuance of electronic notice of the judgment of strict foreclosure, the defendant filed a motion titled "Motion for Judgment of Foreclosure by Sale" (November 9, 2018

---

[4] " 'The designation "JDNO" is a standard notation used to indicate that a judicial notice of a decision or order has been sent by the clerk's office to all parties of record. Such a notation raises a presumption that notice was sent and received in the absence of a finding to the contrary.' " *U.S. Bank, National Assn.* v. *Bennett*, 195 Conn. App. 96, 99 n.2, 223 A.3d 381 (2019).

[5] We may take judicial notice of the date and time of filings in the trial court file. See *State* v. *Pagan*, 75 Conn. App. 423, 431, 816 A.2d 635 ("Appellate courts . . . review the whole record and do not overlook material contained in the trial court's file . . . . We may take judicial notice of the contents of the court's file."), cert. denied, 265 Conn. 901, 829 A.2d 420 (2003). With respect to the timing of the issuance of the JDNO notice, we take judicial notice of information that we have obtained from the Superior Court Operations Division that JDNO notices are generated nightly at approximately 9 p.m. and typically delivered electronically to attorneys' e-services inboxes between 9 and 9:30 p.m. See, e.g., *Solomon* v. *Cavanaugh*, 9 Conn. App. 285, 286 n.1, 518 A.2d 663 (1986) (taking judicial notice of information obtained from trial court clerk's office).

motion). The defendant requested that the court render a judgment of foreclosure by sale, representing that it was prepared to bid at least $115,000 for the property at a foreclosure sale, which exceeded the $90,000 appraised value of the property.[6] The plaintiff did not file an objection, and the court's electronic case detail does not reflect any ruling on the motion. On December 12, 2018, the plaintiff filed a copy of a notice of judgment (December 12, 2018 notice) that it had sent, via certified and regular mail, to the defendant and to the nonappearing parties; see footnote 1 of this opinion; pursuant to the court's uniform foreclosure standing orders (standing orders),[7] which notice was dated the same day and provided in relevant part that the court had rendered a judgment of strict foreclosure on November 5, 2018, and set the law days to commence on February 25, 2019, "with title scheduled to vest in the name of the plaintiff on February 27, 2019."

There was no additional activity in the present action until March 24, 2022, when Sodipo Law Group filed an appearance on behalf of the defendant in lieu of prior trial counsel. That same day, the defendant reclaimed

---

[6] On November 1, 2018, the plaintiff filed an appraisal reflecting that the property had an appraised value of $90,000.

[7] Paragraph D of the Uniform Foreclosure Standing Orders, form JD-CV-104, provides: "Within [ten] days following the entry of judgment of strict foreclosure, the plaintiff must send a letter by certified mail, return receipt requested, and by regular mail, to all [nonappearing] defendant owners of the equity and a copy of the notice must be sent to the clerk's office. The letter must contain the following information: a.) the letter is being sent by order of the Superior Court; b.) the terms of the judgment of strict foreclosure; c.) [nonappearing] defendant owner(s) of equity risk the loss of the property if they fail to take steps to protect their interest in the property on or before the defendant owners' law day; d.) [nonappearing] defendant owner(s) should either file an individual appearance or have counsel file an appearance in order to protect their interest in the equity. The plaintiff must file the return receipt with the [c]ourt. THE PLAINTIFF MUST NOT FILE A CERTIFICATE OF FORECLOSURE ON THE LAND RECORDS BEFORE PROOF OF MAILING HAS BEEN FILED WITH THE COURT." (Emphasis in original.)

the November 9, 2018 motion, such that the motion was printed on the short calendar on April 11, 2022;[8] however, the record does not reflect any marking with respect to the motion. On June 21, 2022, the defendant again reclaimed the November 9, 2018 motion, such that the motion was printed on the short calendar on July 5, 2022; however, the motion was marked off.

On October 6, 2022, the defendant filed a motion to open and to vacate the judgment of strict foreclosure (motion to open),[9] accompanied by a supporting memorandum of law. The defendant asserted that, (1) pursuant to Practice Book § 63-1 (c) (1),[10] its filing of the November 9, 2018 motion, which it characterized as having sought "to essentially open the judgment [of strict foreclosure] to convert the strict foreclosure judgment to a [foreclosure by] sale," operated to extend the automatic appellate stay attendant to the judgment of strict foreclosure; see Practice Book § 61-11 (a);[11]

---

[8] The November 9, 2018 motion was not printed on any short calendar prior to April 11, 2022.

[9] In the alternative, the defendant requested that the court treat the motion to open as an application for a writ of audita querela and to vacate the judgment of strict foreclosure. The court did not address this alternative request, and the defendant on appeal does not claim that the court improperly failed to treat the motion to open as an application for a writ of audita querela. Accordingly, we need not consider this issue further.

[10] Practice Book § 63-1 (c) (1) provides in relevant part: "If a motion is filed within the appeal period that, if granted, would render the judgment, decision or acceptance of the verdict ineffective, either a new twenty day period or applicable statutory time period for filing the appeal shall begin on the day that notice of the ruling is given on the last such outstanding motion . . . ."

[11] Practice Book § 61-11 (a) provides: "Automatic stay of execution.

"Except where otherwise provided by statute or other law, proceedings to enforce or carry out the judgment or order shall be automatically stayed until the time to file an appeal has expired. If an appeal is filed, such proceedings shall be stayed until the final determination of the cause. If the case goes to judgment on appeal, any stay thereafter shall be in accordance with Section 71-6 (motions for reconsideration), Section 84-3 (petitions for certification by the Connecticut Supreme Court), and Section 71-7 (petitions for certiorari by the United States Supreme Court)."

pending a ruling on the motion, (2) the law days, scheduled to commence on February 25, 2019, were of no legal effect because they had passed while the extended appellate stay was in place, and (3) notwithstanding that the plaintiff never acquired absolute title to the property as a result of the law days being legally ineffective, the plaintiff impermissibly filed a certificate of foreclosure in the East Hartford land records and subsequently transferred the property.[12] The defendant further contended that good cause existed to open the judgment of strict foreclosure because the plaintiff engaged in inequitable conduct that infringed on its right to redemption.[13] Additionally, the defendant asserted that the December 12, 2018 notice was untimely pursuant to the standing orders. As relief, the defendant requested that the court exercise its authority pursuant to § 49-15,[14] or its inherent authority, to open

[12] The defendant represented that (1) on February 28, 2019, the plaintiff filed a certificate of foreclosure in the East Hartford land records, (2) on March 31, 2019, for no consideration, the property was transferred to an unidentified entity, (3) in June, 2019, the property again was transferred to an unidentified entity, and (4) in October, 2019, the property was sold to an unidentified entity for $190,000.

[13] The defendant argued that the plaintiff failed to provide a payoff amount to the defendant notwithstanding the defendant's various requests for said payoff amount, and that the plaintiff had a "scheme to obtain a systematically low appraisal, to then benefit from . . . prior improvements on the property, and to ultimately transfer the property for a substantially higher amount in a short span of time." The defendant further represented that (1) it "reasonably believed [on the basis of] the plaintiff's series of representations that it would have received payoff figures that would have allowed [it] to timely redeem prior to the law day," and that, "[b]ut for these representations, [it] would have sought to have [the November 9, 2018] motion heard prior to the scheduled law day," and (2) "[t]hrough mistake, [it] believed that the law day was valid and took no action in pursuing [the November 9, 2018 motion] after the expiration of the law day nor did it seek the court's intervention in believing the same."

[14] General Statutes § 49-15 (a) provides in relevant part: "(1) Any judgment foreclosing the title to real estate by strict foreclosure may, at the discretion of the court rendering the judgment, upon the written motion of any person having an interest in the judgment and for cause shown, be opened and modified, notwithstanding the limitation imposed by section 52-212a, upon such terms as to costs as the court deems reasonable, provided no such

and to vacate the judgment of strict foreclosure and to conduct additional proceedings to "allow the defendant to interpose a defense in a manner consistent as equity requires." The plaintiff did not file an objection.

On November 4, 2022, the court, *S. Connors, J.*, denied the motion to open. The court reasoned that "[t]he four month rule in General Statutes § 52-212a[15] operate[d] as a constraint on the court's substantive authority to grant relief"; (footnote added); and that none of the recognized exceptions to § 52-212a applied in the present action.

On November 14, 2022, the defendant filed a motion to reconsider the court's November 4, 2022 decision, arguing that the court improperly relied on § 52-212a

judgment shall be opened after the title has become absolute in any encumbrancer except as provided in subdivision (2) of this subsection.

"(2) Any judgment foreclosing the title to real estate by strict foreclosure may be opened after title has become absolute in any encumbrancer upon agreement of each party to the foreclosure action who filed an appearance in the action and any person who acquired an interest in the real estate after title became absolute in any encumbrancer, provided (A) such judgment may not be opened more than four months after the date such judgment was entered or more than thirty days after title became absolute in any encumbrancer, whichever is later, and (B) the rights and interests of each party, regardless of whether the party filed an appearance in the action, and any person who acquired an interest in the real estate after title became absolute in any encumbrancer, are restored to the status that existed on the date the judgment was entered."

[15] General Statutes § 52-212a provides: "Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, a civil judgment or decree rendered in the Superior Court may not be opened or set aside unless a motion to open or set aside is filed within four months following the date on which the notice of judgment or decree was sent. The continuing jurisdiction conferred on the court in preadoptive proceedings pursuant to subsection (o) of section 17a-112 does not confer continuing jurisdiction on the court for purposes of reopening a judgment terminating parental rights. The parties may waive the provisions of this section or otherwise submit to the jurisdiction of the court, provided the filing of an amended petition for termination of parental rights does not constitute a waiver of the provisions of this section or a submission to the jurisdiction of the court to reopen a judgment terminating parental rights."

in denying the motion to open. The plaintiff did not file an objection. On November 28, 2022, the court granted this motion to reconsider and scheduled a hearing on the motion to open, which the court held on December 19, 2022.[16]

On January 3, 2023, the court upheld its denial of the motion to open. The court stated that, in its November 4, 2022 decision denying the motion to open, it mistakenly relied on § 52-212a when, instead, it "should have . . . considered that possession of the property . . . no longer lies with the plaintiff, but a separate third party, as stated in the [motion to open]. Under [§] 49-15, the [motion to open] may be denied if title to the property . . . has become absolute in another encumbrancer."

On January 19, 2023, the defendant filed a motion to reconsider the court's January 3, 2023 decision, which it later supplemented with a corrected memorandum of law. The defendant contended that the court incorrectly determined that title to the property had become absolute in the plaintiff because an extended appellate stay vis-à-vis the judgment of strict foreclosure remained in effect when the law days were scheduled to commence, thereby rendering the law days without legal effect. In addition, the defendant asserted that the plaintiff improperly filed the certificate of foreclosure in the East Hartford land records given that the December 12, 2018 notice was not timely filed in accordance with the standing orders, which constituted an "independent

---

[16] Counsel for the plaintiff appeared at the December 19, 2022 hearing. The plaintiff's counsel acknowledged that the plaintiff did not file an objection to the motion to open and, in setting forth the plaintiff's position, stated that "really the [plaintiff] is more concerned about being paid than trying to obtain title to the property . . . so it's really more to [counsel] about what [the defendant is] hoping to accomplish on this property." The plaintiff's counsel also refuted the defendant's argument that the defendant had been waiting for a payoff amount from the plaintiff, arguing that the judgment of strict foreclosure set forth the judgment amount for purposes of redemption.

basis for the court to open the judgment [of strict fore-closure].” The plaintiff did not file an objection. On February 9, 2023, the court summarily denied this motion to reconsider. This appeal followed. Additional procedural history will be set forth as necessary.

Before turning to the defendant’s claims, we set forth the following general legal principles that apply when we review a court’s decision on a motion to open a judgment. “Whether proceeding under the common law or a statute, the action of a trial court in granting or refusing an application to open a judgment is, generally, within the judicial discretion of such court, and its action will not be disturbed on appeal unless it clearly appears that the trial court has abused its discretion. . . . When considering whether the court has abused its discretion, we must make every reasonable presumption in favor of the correctness of its action. . . . Our review of a trial court’s exercise of the legal discretion vested in it is limited to the questions of whether the trial court correctly applied the law and could reasonably have reached the conclusion that it did.” (Citation omitted; footnote omitted; internal quotation marks omitted.) *U.S. Bank National Assn.* v. *Booker*, 220 Conn. App. 783, 798, 299 A.3d 1215, cert. denied, 348 Conn. 927, 304 A.3d 860 (2023). Moreover, “[t]he law governing strict foreclosure lies at the crossroads between the equitable remedies provided by the judiciary and the statutory remedies provided by the legislature.” (Internal quotation marks omitted.) Id., 798–99.

I

The defendant’s first claim is that the trial court, in denying the motion to open, improperly concluded that it was not entitled to relief pursuant to § 49-15 because absolute title to the property had vested in the plaintiff. The defendant maintains that an appellate stay remained in effect when the law days were scheduled

to commence, thereby rendering the law days legally ineffective and preventing absolute title from vesting in the plaintiff. We disagree.

We begin by setting forth the following applicable standard of review and legal principles. Whether the court correctly concluded that the defendant could not obtain relief pursuant to § 49-15 on the basis that title to the property had become absolute in the plaintiff presents us with a question of law subject to plenary review. See *Lending Home Funding Corp.* v. *REI Holdings, LLC*, 214 Conn. App. 703, 707, 710, 281 A.3d 1 (2022) (applying plenary review in analyzing trial court's conclusion that it lacked subject matter jurisdiction to consider motion to open and to vacate judgment of strict foreclosure filed pursuant to § 49-15 on basis of determination that absolute title had vested in plaintiff). Moreover, our examination of the defendant's claim requires us (1) to analyze the appellate stay provisions in the rules of practice and (2) to interpret the November 9, 2018 motion, both of which require the exercise of plenary review. See id. (applying plenary review when examining scope of appellate stay provisions in rules of practice); *Swain* v. *Swain*, 213 Conn. App. 411, 418, 277 A.3d 895 (2022) (applying plenary review when interpreting motion).

"Motions to open judgments of strict foreclosure are governed by . . . § 49-15 (a) (1)." *U.S. Bank National Assn.* v. *Booker*, supra, 220 Conn. App. 793. Section 49-15 (a) (1) provides in relevant part: "Any judgment foreclosing the title to real estate by strict foreclosure may, at the discretion of the court rendering the judgment, upon the written motion of any person having an interest in the judgment and for cause shown, be opened and modified . . . provided no such judgment shall be opened after the title has become absolute in any encumbrancer . . . ." "[Section] 49-15 prescribes . . . four conditions for opening a judgment of strict

foreclosure: (1) that the motion be in writing; (2) that the movant be a person having an interest in the property; (3) that the motion be acted upon before an encumbrancer has acquired title; and (4) that cause, obviously good cause, be shown for opening the judgment." (Internal quotation marks omitted.) *Connecticut Housing Finance Authority* v. *McCarthy*, 204 Conn. App. 330, 339, 253 A.3d 494 (2021).

"In Connecticut, a mortgagee has legal title to the mortgaged property and the mortgagor has equitable title, also called the equity of redemption. . . . The equity of redemption gives the mortgagor the right to redeem the legal title previously conveyed by performing whatever conditions are specified in the mortgage, the most important of which is usually the payment of money. . . . Under our law, an action for strict foreclosure is brought by a mortgagee who, holding legal title, seeks not to enforce a forfeiture but rather to foreclose an equity of redemption unless the mortgagor satisfies the debt on or before his law day. . . . Accordingly, [if] a foreclosure decree has become absolute by the passing of the law days, the outstanding rights of redemption have been cut off and the title has become unconditional in the plaintiff, with a consequent and accompanying right to possession. . . . Thus, once the law day passes and title vests in the [plaintiff], no practical relief is available [p]rovided that this vesting has occurred pursuant to an authorized exercise of jurisdiction by the trial court . . . .

"On the other hand, it is well established that law days that are set forth in a judgment of strict foreclosure can have no legal effect if an appellate stay is in effect because to give them legal effect would result in an extinguishment of the right of redemption pending appeal." (Citations omitted; footnote omitted; internal quotation marks omitted.) *Lending Home Funding Corp.* v. *REI Holdings, LLC*, supra, 214 Conn. App.

711–12; see also *Wachovia Mortgage*, *FSB* v. *Toczek*, 189 Conn. App. 812, 824, 209 A.3d 725 ("[O]ur Supreme Court repeatedly has held that the law days set in a judgment of strict foreclosure cannot be given any legal effect while the appellate stay is in effect. See, e.g., *Farmers & Mechanics Savings Bank* v. *Sullivan*, 216 Conn. 341, 347–48, 579 A.2d 1054 (1990), and cases cited therein."), cert. denied, 333 Conn. 914, 216 A.3d 650 (2019).

In light of the foregoing legal principles, in order to resolve whether absolute title to the property vested in the plaintiff, we must determine whether an appellate stay was in place that rendered the law days legally ineffective. To analyze this issue, we turn to our rules of practice.

Practice Book § 63-1 (a) provides in relevant part: "Unless a different time period is provided by statute, an appeal must be filed within twenty days of the date notice of the judgment or decision is given. . . . If a motion is filed within the appeal period that might give rise to a new appeal period as provided in subsection (c) of this rule, the appeal may be filed either in the original appeal period, which continues to run, or in the new appeal period. . . ."

Practice Book § 63-1 (b) provides in relevant part: "If notice of the judgment or decision is given in open court, the appeal period shall begin on that day. If notice is given only by mail or by electronic delivery, the appeal period shall begin on the day that notice was sent to counsel of record by the clerk of the trial court. . . ."

Practice Book § 63-1 (c) (1) provides in relevant part: "If a motion is filed within the appeal period that, if granted, would render the judgment, decision or acceptance of the verdict ineffective, either a new twenty day period or applicable statutory time period for filing the appeal shall begin on the day that notice of the

ruling is given on the last such outstanding motion
. . . . Motions that, if granted, would render a judg-
ment, decision or acceptance of the verdict ineffective
include, but are not limited to, motions that seek: the
opening or setting aside of the judgment; a new trial;
the setting aside of the verdict; judgment notwithstand-
ing the verdict; reargument of the judgment or decision;
collateral source reduction; additur; remittitur; or any
alteration of the terms of the judgment. Motions that
do not give rise to a new appeal period include those
that seek: clarification or articulation, as opposed to
alteration, of the terms of the judgment or decision; a
written or transcribed statement of the trial court's
decision; or reargument of a motion listed in the previ-
ous [sentence]. . . ."

In order to invoke the operation of Practice Book
§ 63-1 (c) (1), a motion must (1) be filed within the
appeal period of the underlying judgment and (2) if
granted, render the judgment ineffective. Our case law
establishes that a motion that satisfies the requirements
of Practice Book § 63-1 (c) (1) functions to extend the
appellate stay attendant to the underlying judgment
until the motion is decided. As this court recently sum-
marized, when a motion is filed that is in compliance
with Practice Book § 63-1 (c) (1), "the filing of the
motion extends the stay period until that motion is
decided, even when a law day is scheduled to run before
the court has an opportunity to resolve the motion.
[*Farmers & Mechanics Savings Bank* v. *Sullivan*,
supra, 216 Conn. 346–47, 349–50]; see also *Continental
Capital Corp.* v. *Lazarte*, [57 Conn. App. 271, 273, 749
A.2d 646 (2000)] ('[l]aw days in a strict foreclosure
cannot run if a motion to open is filed during the appeal
period but is yet to be ruled on'). Stated otherwise, the
timely filing of a motion to open [or other applicable
motion] pursuant to Practice Book § 63-1, 'activate[s]
the automatic stay under [Practice Book § 61-11]' until

that motion is decided . . . *Farmers & Mechanics Savings Bank* v. *Sullivan*, supra, 346 . . . .” *Lending Home Funding Corp.* v. *REI Holdings, LLC*, supra, 214 Conn. App. 714. Practice Book § 63-1 “can have profound effects on a foreclosure decree, since [Practice Book § 61-11] stays proceedings to enforce or carry out the judgment . . . until the time to take an appeal has expired. Thus, law days in a strict foreclosure cannot run . . . if a motion to reopen [or other applicable motion] was filed during the appeal period but has yet to be ruled upon; any redemption . . . under such circumstances would be violative of the automatic stay, and any title derived through such stayed proceedings would be subject to defeasance.” (Internal quotation marks omitted.) *RAL Management, Inc.* v. *Valley View Associates*, 278 Conn. 672, 684 n.10, 899 A.2d 586 (2006).

We focus our attention on the portion of Practice Book § 63-1 (c) (1) providing that, to satisfy the rule, a motion must, “if granted . . . render the judgment, decision or acceptance of the verdict ineffective . . . .” Section 63-1 (c) (1) enumerates a nonexhaustive list of motions that meet this criterion, including motions seeking “the opening or setting aside of the judgment . . . or any alteration of the terms of the judgment.” The defendant maintains that the November 9, 2018 motion satisfied this requirement. We do not agree.

In determining whether the November 9, 2018 motion, if granted, would have rendered the judgment of strict foreclosure ineffective, “we look to the substance of the relief sought by the motion rather than the form.” (Internal quotation marks omitted.) *Georges* v. *OB-GYN Services, P.C.*, 335 Conn. 669, 682, 240 A.3d 249 (2020). In the November 9, 2018 motion, the substance of which comprised five sentences on a single page, the defendant “[moved] the court to enter [a] judgment of foreclosure by sale in the [present] action” on the ground that it was willing to bid at least $25,000 more than the

appraised value of the property. The defendant cited no legal authority and made no cognizable request to open or to alter the judgment of strict foreclosure. In fact, the defendant made no reference to the judgment of strict foreclosure at all.

Additionally, the November 9, 2018 motion did not comply with the technical requirements of Practice Book § 11-11, which provides in relevant part: "Any motions which would, pursuant to Section 63-1, delay the commencement of the appeal period, and any motions which, pursuant to Section 63-1, would toll the appeal period and cause it to begin again, shall be filed simultaneously insofar as such filing is possible, and shall be considered by the judge who rendered the underlying judgment or decision. *The party filing any such motion shall set forth the judgment or decision which is the subject of the motion, the name of the judge who rendered it, the specific grounds upon which the party relies, and shall indicate on the bottom of the first page of the motion that such motion is a Section 11-11 motion. . . .*" (Emphasis added.) The November 9, 2018 motion did not identify any judgment or decision as the "subject" of the motion, or the name of the judge who rendered any such judgment or decision, and did not include a notation that it was a Practice Book § 11-11 motion. Although noncompliance with the technical requirements of Practice Book § 11-11, alone, is an insufficient ground on which to conclude that a motion fails to trigger the provisions of Practice Book § 63-1 (c) (1); see *Finance of America Reverse, LLC* v. *Henry*, 222 Conn. App. 810, 826–27, 307 A.3d 300 (2023) ("failure to comply with the technical requirements of Practice Book § 11-11 . . . is not a sufficient basis to render ineffective for the purpose of creating a new appeal period a motion that otherwise adheres to the substance of Practice Book § 63-1 (c) (1)"); the defendant's failure to include in the November 9, 2018 motion

all of the information prescribed in Practice Book § 11-11 informs our analysis of the substance of the motion and factors against interpreting the motion to fall within the ambit of Practice Book § 63-1 (c) (1).

Furthermore, the record reflects that the defendant filed the November 9, 2018 motion on the morning of November 9, 2018, whereas the court's order rendering the judgment of strict foreclosure and electronic notice thereof were not recorded in the trial court file and issued, respectively, until later that day. This begs the question of how the defendant could have intended to move to open or to alter a judgment of which it had not yet received notice.[17]

Under these unique circumstances, we cannot reasonably construe the November 9, 2018 motion as requesting, as relief, to open or to alter the judgment of strict foreclosure, and, ergo, we cannot reasonably conclude that, if granted, the motion would have functioned to render the judgment ineffective as required pursuant to Practice Book § 63-1 (c) (1).

In sum, we conclude that the November 9, 2018 motion was not a Practice Book § 63-1 (c) (1) motion. Thus, contrary to the defendant's position, the filing of the November 9, 2018 motion did not operate to extend the appellate stay vis-à-vis the judgment of strict foreclosure rendered on November 5, 2018, which expired well before the law days passed in February, 2019. As the law days were legally effective and no redemption occurred, absolute title to the property vested in the

---

[17] The defendant does not claim to have received notice of the judgment of strict foreclosure in open court, and it has not provided us with a transcript of the hearing on the plaintiff's motion for judgment of strict foreclosure. See Practice Book § 61-10 (a) ("It is the responsibility of the appellant to provide an adequate record for review. The appellant shall determine whether the entire record is complete, correct and otherwise perfected for presentation on appeal.").

plaintiff following the passing of the law days. Accordingly, in denying the motion to open, the court properly concluded that the defendant was not entitled to relief pursuant to § 49-15.

II

The defendant next claims that, in denying the motion to open, the trial court failed to consider that, even if absolute title to the property vested in the plaintiff following the passing of the law days, the court had inherent, continuing jurisdiction to open the judgment of strict foreclosure as a result of the plaintiff's failure to comply with the standing orders. The defendant maintains that, (1) pursuant to the standing orders, (a) notice of a judgment of strict foreclosure must be mailed to all nonappearing defendants within ten days following the entry of the judgment and (b) a plaintiff is prohibited from filing a certificate of foreclosure in the land records without first filing proof of the mailing of notice with the court, (2) the December 12, 2018 notice was untimely, and (3) because the December 12, 2018 notice did not comply with the standing orders, the plaintiff improperly filed a certificate of foreclosure in the East Hartford land records. In light of these circumstances, the defendant asserts that, notwithstanding § 49-15, the court had equitable jurisdiction to "grant relief from the operation of the judgment [of strict foreclosure] when to enforce it [was] against conscience"; (internal quotation marks omitted); and when the plaintiff interfered with the defendant's ability to exercise its right to redeem. This claim is unavailing.

"Our Supreme Court in [*U.S. Bank National Assn.* v. *Rothermel*, 339 Conn. 366, 260 A.3d 1187 (2021)] concluded that there is a limited exercise of jurisdiction over a narrow class of equitable claims raised in post-vesting motions to open, despite the general prohibition of such jurisdiction by . . . § 49-15 (a) (1). Id., 373. The

category of claims that fall within this class of cases sound in [f]raud, accident, mistake, and surprise . . . . Id., 379; see, e.g., id., 370–71 (finding continuing equitable jurisdiction where movant relied on misrepresentations by loan servicer that caused her to fail to file motion to open before passage of law day); *New Milford Savings Bank* v. *Jajer*, 244 Conn. 251, 260, 708 A.2d 1378 (1998) (concluding that there was continuing jurisdiction where motion to open filed after running of law days sought to correct an inadvertent omission in a foreclosure complaint); *Wells Fargo Bank, N.A.* v. *Melahn*, 148 Conn. App. 1, 3–4, 85 A.3d 1 (2014) (concluding there was continuing equitable authority where plaintiff misrepresented to court that it had sent notice of judgment to movant prior to law day but, in fact, did not actually provide notice until law day). These are rare exceptions, applicable only in unusual circumstances." (Footnote omitted; internal quotation marks omitted.) *DXR Finance Parent, LLC* v. *Theraplant, LLC*, 223 Conn. App. 362, 374–75, 309 A.3d 347, cert. denied, 348 Conn. 957, 310 A.3d 380 (2024); see also *U.S. Bank National Assn.* v. *Rothermel*, supra, 376–77 ("trial courts possess inherent powers that support certain limited forms of continuing equitable authority . . . and . . . these powers can, in certain rare and exceptional cases, be exercised in a manner consistent with § 49-15 after the passage of the law days" (citation omitted)). As our Supreme Court further clarified in *Rothermel*, "[e]xceptions to the general rule against postvesting motions to open judgments of strict foreclosure are, in fact, rare and exceptional. A bare assertion that equity requires such relief is insufficient . . . . [T]he party seeking to invoke the trial court's continuing jurisdiction must base their motion to open on particularized factual allegations that could support a claim cognizable in equity. Trial courts may, under existing case law, grant motions to dismiss pursuant to § 49-15 in cases

in which a claim raised in a postvesting motion to open fails to present colorable grounds for equitable relief under these limited exceptions, and appellate courts may continue to summarily dismiss appeals taken from those rulings." *U.S. Bank National Assn.* v. *Rothermel,* supra, 379–80 n.11.

We conclude that, although the defendant's claim for equitable relief in the motion to open was colorable,[18] the defendant failed to allege sufficient facts in support of the motion to open implicating the type of rare and exceptional circumstances necessary to justify the exercise of the court's continuing jurisdiction to open the judgment of strict foreclosure after absolute title had vested in the plaintiff. The sole basis of the defendant's claim that the plaintiff violated the standing orders was that the December 12, 2018 notice was untimely. As an initial matter, we observe that paragraph D of the standing orders requires notice to be mailed to all *nonappearing* defendants, which excludes the defendant. See footnote 7 of this opinion. In any event, the December 12, 2018 notice included the defendant as an addressee, and the defendant did not allege that it failed to receive the notice. In addition, the defendant did not allege that the plaintiff failed either to mail notice of the judgment of strict foreclosure or to file such notice with the court. Moreover, the record establishes that, although untimely, the December 12, 2018 notice was mailed more than ten weeks prior to the scheduled law days. In this situation, we cannot perceive how enforcing the judgment of strict foreclosure against the defendant would be "against conscience"; (internal quotation marks omitted); or how the plaintiff's conduct in this instance prevented the defendant from exercising its right to redeem.

---

[18] "This court has defined a colorable claim as one that is superficially well founded but that may ultimately be deemed invalid . . . ." (Internal quotation marks omitted.) *U.S. Bank National Assn.* v. *Booker,* supra, 220 Conn. App. 793.

In sum, we conclude that the defendant has failed to demonstrate the existence of rare and exceptional circumstances warranting the extraordinary equitable relief that it sought in the motion to open. Thus, we reject the defendant's claim that the court's denial of the motion to open constituted error on this ground.[19]

The judgment is affirmed.

In this opinion the other judges concurred.

_____

---

[19] The defendant also claims that the court abused its discretion in denying the defendant's January 19, 2023 motion to reconsider because the court, according to the defendant, overlooked legal principles that warranted the granting of the motion to open. In light of our conclusions in parts I and II of this opinion, we reject this claim.